# LAKE SHORE & MICHIGAN SOUTHERN RAILWAY COMPANY

v.

## JOSEPH PROBECK.

### SAME

v.

### FREDERICK SCHMIDT.

*Railroads—Crossings—Personal Injuries—Trains—Careless Management of—Excessive Speed—Ordinance—Flagman—Negligence of—Evidence—Instructions.*

1. A law or ordinance touching the speed of passenger trains, does not apply to an engine and tender.

2. An instruction which does not confine the right of recovery for a personal injury to the ground alleged in the declaration, is bad.

[Opinion filed May 8, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. PLINY B. SMITH, for appellant.

Mr. FARLIN Q. BALL, for appellees.

GARY, J.   These are cases to recover separate damages for injuries sustained at the same time by the appellees at a railroad crossing of a street in Chicago.   In all respects, except the injuries, the cases are alike, and were tried at once by the same jury.   The declarations each contained two counts, the first alleging careless and improper management of the train as the cause of the injury, and the second, speed in excess of that allowed by an ordinance of the city.

There was no train of cars; only an engine and tender with nothing attached.   There was testimony that the flagman at the crossing was inattentive to his duty.   The ordinance limited the speed of " passenger trains."

The first instruction for the appellees put before the jury as a ground of recovery, " a greater rate of speed than is allowed by the ordinance of the City of Chicago, or by the laws of the State of Illinois."   The second, that the appellants were " then and there guilty of negligence which directly contributed to the injury."   The cases will have to be tried again, as both these instructions are wrong.   An engine is not a " passenger train."   There may be the same reason for limiting its speed, but that is for the authorities of the city to determine.   There is neither ordinance of the city nor law of the State, to which the first instruction could refer.

The second instruction does not confine the right of recovery to the ground alleged in the declaration.   Any neglect by the flagman was a matter for the jury to consider under the instruction, but not under the declaration.   In principle the fault is the same as in C., B. & Q. R. R. Co. v. Magee, 60 Ill. 529; see, also, C. & A. Ry. Co. v. Mack, 72 Ill. 141.   It is unnecessary, if not improper, to comment upon the evidence.   The judgments are reversed and the causes remanded.

*Reversed and remanded.*