## The Pennsylvania Coal Company v. John Kelly.

1. MASTER AND SERVANT—*Duty of Master, etc.*—The master is bound to use reasonable care in providing safe machinery, appliances, surroundings, etc., and the servant, in the absence of notice that the machinery, etc., is unsafe or defective, has a right to rely upon the discharge by the master of his duty in respect to these matters.

2. SAME—*Duty of Servant.*—The servant is bound to take notice of what is before him and obvious to his senses.

3. SAME—*What Defects the Master is Not Charged With.*—The master is not charged with knowledge of defects which can not be discovered save by the exercise of extraordinary care. He does not insure the safety orsoundness of his machinery.

4. SAME—*Master Presumed to Have Knowledge, etc.*—The master is presumed to have a knowledge of the principles upon which his machinery works, and therefore of the consequences likely to arise from defects of which he has notice. If an accident arise from a defect of which he had notice, he can not say that he did not think the defect to be of any consequence.

5. SAME—*Of What Notice à Servant is Chargeable.*—A servant is chargeable with such notice of the character of what is apparent, as by his employment he assumes to have, or from his education or experience he actually has.

6. SAME—*Relative Duty of Master and Servant.*—The master is charged with the duty of exercising reasonable care to see that the machinery provided is safe, while the servant is only chargeable with notice of such things as by the exercise of reasonable care he would have known.

7. SAME—*Where Notice of Defects Will Not Defeat Claim.*—A knowledge of a defect, if the servant does not, or is not presumed to know it to be dangerous, will not defeat his claim for an injury caused by such defect.

**Memorandum.**—Action for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. SAMUEL P. McCONNELL, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed April 5, 1894.

## STATEMENT OF THE CASE.

This was an appeal from a judgment of the Circuit Court of Cook County, in an action on the case, brought by the appellee against the appellant, for an injury received by the appellee, August 21, 1890, while unloading coal from a vessel at the dock of the appellant on the north branch of the Chicago river, and North May street, Chicago.

The vessel came to the dock of the appellee with a cargo of coal, and the appellee, with three other men, began to work on the morning of August 19th, unloading said coal, with coal buckets lowered down into the hole and hatchway of said vessel, and raised by steam power from the hold up to a boom extended over the hatchway. The buckets were then carried along said boom up an incline to a hopper, into which the coal was automatically dumped by the upper end of the latch on the coal-bucket striking a roller, which lifted the latch holding the tub, and caused the tub to dump into the hopper. The ap-

pellee was familiar with the tubs in use, and had had twenty years or more experience with them. The day before he began work he went to the yard of the appellant, and took the tubs to the vessel; he went to work with the tubs on the morning of August 19th; worked all that day with three other men; worked the next day, August 20th; the tubs worked all right and in perfect order.

On the morning of August 21st, the plaintiff, with three other men, went to work with the tubs, filling them as they came down into the hold, filling one tub down in the hold, while the other was going up by the hoisting apparatus with its load to the hopper in the yard. After they had been at work a little more than an hour the appellee went to work under the tub, while the tub was rising, and the tub unloaded its coal upon the appellee and caused the injury complained of. He brought suit against the appellant, charging, in his declaration of two counts, first, that the accident was caused by defective machinery, known by the appellant to be defective, and second, was also caused by the incompetency of the hoister, or man who applied the steam power to hoisting the coal buckets. It was insisted that there was not one word of evidence offered to show that the appellant had any notice of any defect in any of the hoisting apparatus, and that no evidence was offered to show that the accident was occasioned by the incompetency of the hoister.

The jury made the following special findings:

First. Q. Was the plaintiff negligent in working under the bucket, while the bucket was being lifted above him? A. No.

Second. Q. Did the defendant have actual notice that the bucket which caused the accident was defective? A. Yes.

Third. Q. Did the plaintiff have notice that the bucket which caused the accident was defective? A. No.

Fourth. Q. Did the plaintiff make any examination of the bucket that caused the accident, before using the same? A. No.

Fifth. Q. Did plaintiff examine the latch on bucket, before the time of accident? A. No.

Sixth. Q. Was the bucket defective when the plaintiff worked with same, on the day before the accident? A. Yes.

Seventh. Q. Was the work of the plaintiff specially dangerous? A. No.

Eighth. Q. Was the plaintiff in the exercise of ordinary care and diligence at the time of accident? A. Yes.

Ninth. Q. Was the plaintiff in the exercise of more than ordinary care and diligence at the time of accident? A. No.

Tenth. Q. Was the plaintiff wholly free from negligence in what caused the injury? A. Yes.

Eleventh. Q. When the plaintiff went to work with bucket that caused the accident, was there anything in its condition, to give notice to him of any defect in same? A. No.

Twelfth. Q. Could the plaintiff by examination find defect in bucket that caused the accident? A. No.

Thirteenth. Q. Did the plaintiff have equal means with the defendant, of knowing about any defect in the latch on the bucket that caused the accident? A. No.

Fourteenth. Q. Did the plaintiff have better means than the defendant of knowing about any defect in the latch on the bucket that caused the accident? A. No.

Fifteenth. Was the plaintiff familiar with the use of the bucket that caused the accident? A. Yes.

Sixteenth. Was the plaintiff familiar with the use of the latch on the bucket that caused the accident? A. Yes.

### Appellant's Brief, David Fales, Attorney.

It may fairly be presumed that an employe knows the condition of materials, machinery or appliances where he has a constant opportunity to inspect the same, and which his regular duties bring under his notice. Shearm. & Red. on Neg., 216; St. Louis, etc., R. Co. v. Marker, 41 Ark. 542; T. W. & W. Ry. Co. v. Eddy, 72 Ill. 138; Chicago R. Co. v.

Jackson, 55 Ill. 492; Chicago, etc., R. R. v. Clark, 11 App. Ct. 104; Duffy v. Upton, 113 Mass. 544; Perrigo v. Chicago, etc., R. R. Co., 52 Ia. 276; Mayes v. Chicago, etc., R. Co., 63 Ia. 562; Heath v. The Whitebreast Coal & M. Co., 65 Ia. 740; Mony v. Lower Vein Coal Co., 55 Ia. 673.

A servant is chargeable with actual notice of every fact which he would have known had he exercised ordinary care to keep himself informed as to matters concerning which it was his duty to inquire, and especially should this rule be applied where the servant's action is founded upon the assumption that the master ought to have known of something which he actually did not know. Shear. & Red, Neg., 217.

A servant who, with full opportunities of knowledge, works for any considerable length of time where there are dangerous defects, and does not make complaint or ask for repairs, is held to have assumed the risks involved. Shear. & Red. on Neg., Sec. 209.

BEACH & BEACH, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

It is true that there is no direct evidence that appellant had any knowledge of any defect in the hoisting apparatus.

The question in this regard is, was the defect such that as between master and servant, under the surrounding circumstances, the master is charged with a knowledge thereof which the servant is not. The master is bound to use reasonable care in providing safe machinery, appliances, surroundings, etc., and the servant, in the absence of notice that the machinery, etc., is unsafe or defective, has a right to rely upon the discharge by the master of his duty in respect to these things. Wharton on Neg., Sec. 211; T. W. & W. Ry. Co. v. Fredericks, 81 Ill. 294; Wood on Master & Servant, Sec. 329; C. & E. I. R. R. Co. v. Hines, 132 Ill. 161–169; Elliott v. Hall, 15 L. R. Q. B. 315.

The servant is bound to take notice of what is before him

and obvious to his senses.    Wood on Master & Servant, Sec. 335.

Defects which could not be discovered save by the exercise of extraordinary care, the master is not charged with knowledge of; he does not insure the safety or soundness of his machinery.   C. C. & I. C. R. W. Co. v. Troesch, 68 Ill. 545.

The master is presumed to have a knowledge of the principles upon which his machinery works, and therefore of the consequences likely to arise from defects of which he has notice.    If an accident arise from a defect of which he had notice, he can not say that he did not think the defect to be of consequence.    Wood on Master & Servant, Secs. 329 and 348.

A servant is chargeable with notice of what is apparent, but not necessarily that the apparent is dangerous.

He is chargeable with such knowledge of the character of what is apparent as, by his employment, he assumes to have, or from his education or experience he actually has.

When machinery operates upon scientific principles that are not obvious, a common laborer is not presumed to have knowledge of the principles of operation.

In the present case, the latch, by means of which the bucket was closed, opened and dumped, was constructed upon the principle that a force, pressing a latch at a right angle to a resisting surface, has a tendency to hold the latch against such surface; the effect of such pressure is obvious to most men, but a common laborer can not be presumed to understand the result that might follow if the angle, made by the latch with the resisting surface, became slightly obtuse.    Feltham v. England, L. R. 2 Q. B. 46; McGowan v. La Plata Mining & S. Co., 3 McCrary, 393; Coombs v. New Bedford Cordage Co., 102 Mass. 573; O'Connor v. Adams, 120 Mass. 427; Smith v. Peninsular Car Works, 27 N. W. 662.

It is contended in the present case that, in consequence of wear, the angle made by the latch with the resisting surface had become obtuse; there was evidence tending to sustain such contention, and the jury have so found.

It is true that the plaintiff and defendant had equal opportunities for inspecting the bucket, and that there is no evidence that either had knowledge of the defect; but the defendant, as master, is charged with the duty of exercising reasonable care to see that the machinery provided is safe, and a servant has a right to rely upon the discharge of such duty; while the plaintiff, a servant, is only bound to take notice of such things as by the exercise of reasonable care he would have known.   Wood on Master and Servant, Sec. 329; Wharton on Negligence, Sec. 211.

In the present case it is questionable if the plaintiff, a common laborer, had he known of the defect, would have understood that it was dangerous.

A knowledge of a defect, if he does not, or is not presumed to know it to be dangerous, will not defeat the claim of a servant for injury caused by such defect.   Wharton on Negligence, Sec. 214; Patterson v. R. R. Co., 76 Penn. St. 389.

As to knowledge of the defect, this case turns upon the duty of the master to exercise reasonable care in providing safe machinery and the right of the servant to rely thereon, as opposed to the obligation of the servant to know of defects which, by reasonable care, he could have ascertained, and the question whether this plaintiff did or is to be presumed to have known the dangerous character of the defect. As to the facts bearing upon these things, the finding of the jury is against the defendant.

It is urged that the verdict, general and special, of the jury, is against the evidence.

We are not prepared to say it is such as we should have found; judging from the written record before us, we must say that we should have been better satisfied had it been for the defendant.   We can not say that there is no evidence or that the evidence is not sufficient to sustain the judgment.

The case has been twice tried, two verdicts for the plaintiff have been found, and we see no reason for thinking that a third trial would result otherwise.

The plaintiff has been injured; the defendant is a corporation; that juries in such cases allow their sympathies to influence their judgment is notorious. We can not say that this verdict is the result of passion or prejudice, while we may, from our common knowledge, believe the personality of the parties had much to do with it.

We do not approve, entirely, of the course pursued with reference to the instructions to the jury, but we see no such error as requires a reversal of this judgment, or any by which we think the defendant was improperly prejudiced.

It appears that the case having once been tried, was again put upon trial before all other cases, having, it would seem, precedence over it on the calendar, had been tried.

That these other cases had not in some way lost their right to precedence does not appear; besides, a calendar is not a docket, within the meaning of Sec. 17, of Chap. 110, R. S. Titley v. Kaehler, 9 Ill. App. 537.

The judgment of the Circuit Court is affirmed.