## Edward Ambrose v. John Angus et al.

1. INSTRUCTIONS—*Abstract Propositions of Law.*—General propositions of law, while entirely correct, may easily mislead a jury. The object of instructions is to inform the jury what bearing the law applicable thereto has upon the facts of the case under consideration, and not to instruct as to general principles.

2. MASTER AND SERVANT—*Corresponding Duties of Each.*—The master is bound to use reasonable care in providing reasonably safe machinery, appliances, surroundings, etc., and the servant, in the absence of notice that the machinery, etc., is unsafe or defective, has a right to rely upon the discharge by the master of his duty in this respect.

3. SAME—*Improper Instruction as to Risks of the Service.*—It is improper to instruct a jury that a person in entering upon work assumes all the risks of his association as to the place in which he works, the character of the utensils and materials and employments that were obvious to him or ascertainable by him in the exercise of reasonable care, unless there is given therewith a corresponding instruction as to the duty of the master in this regard.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed December 12, 1895.

FRANCIS T. MURPHY, attorney for appellant.

HOYNE, FOLLANSBEE & O'CONNOR, attorneys for appellees.

Ambrose v. Angus.

Mr. Justice Waterman delivered the opinion of the Court.

This was an action by appellant to recover for injuries sustained while in the employment of appellees, by reason of the breaking of a derrick boom while appellant was operating the same.

There are five counts in the declaration.

The substance of the first count is, that the defendants "so negligently and carelessly constructed and built said derrick, and so improperly equipped it with such defective wires, ropes, pulleys, and other machinery used in operating said derrick, that the arm or boom thereof broke," etc., and fell upon said complainant.

The second count is that the defendants knowingly used in said work "a defective derrick, having insufficient, weak and unsafe wires, pulleys and braces."

The third count is, that the defendants "so negligently and carelessly used, worked and operated said derrick and machinery that the said machinery and derrick then and there broke," etc.

The fourth count is, that the defendants "negligently constructed and used in and about said work a certain derrick, made of unsuitable, unsafe and defective material."

The fifth count is, that the defendants "so improperly and unskillfully and negligently constructed said derrick, that said derrick broke," etc.

Evidence received on the trial tended to show that the boom was constructed of improper material.

The jury found for the defendants.

It was the duty of the appellees to exercise ordinary and reasonable care in the selection of the material from which the derrick was constructed.

One of the questions presented to the jury was, whether they had exercised such care; another question was, whether appellees had knowledge of the defect in the derrick, or by the exercise of reasonable care, would have known of the defect.

Among the defenses set up by appellees was, that if there

was upon the part of any of their agents a failure to exercise reasonable care, such negligence was that of a fellow-servant of appellant.

Upon this subject the jury, at the instance of appellees, were instructed as follows:

"The jury are instructed that any person who was engaged in the same general line of business with the plaintiff, was a fellow-servant with the plaintiff, if they were directly co-operating with each other in the particular business in which they were engaged.

"The jury are instructed that one of the risks of employ· ment entered into by the plaintiff and assumed by him was the carelessness of a fellow-servant, and the jury are instructed in determining who was a fellow-servant, that any person engaged with the plaintiff in the same general employment under the common master is a fellow-servant, or any workman whose duties brought him into habitual association with the plaintiff in the transaction of his work; in either case such workman was a fellow-servant with the plaintiff. It is sufficient to make them fellow-servants if they were engaged in the same general line of business directly co-operating with each other in the particular business, or if their duties were such as to bring them into contact and habitual association with each other."

The plaintiff was a laboring man, earning two dollars per day, employed to swing the boom of the derrick, and had been in the service of appellees but a few days.

There is in this record nothing tending to show that this derrick was selected or put up by fellow-servants of appellant. The instructions were misleading; the jury might well understand therefrom that an engineer or foreman of appellees who selected or put up this derrick was a fellow-servant of appellant, because the putting up of the boom was for the purpose of carrying on the same general business in which appellant was engaged.

General propositions of law, while entirely correct as abstract statements, may easily mislead a jury. The object of instructions is to inform the jury what bearing the law ap-

plicable thereto has upon the facts of the case under consideration, not to instruct as to general principles.

The instructions might have been proper if restricted to the servants engaged in operating the derrick when it broke, if it was contended that through the negligence of some of such servants when so engaged the accident happened.

The jury should not have been instructed "that the plaintiff in this case, in entering upon his work in connection with the derrick in question, assumed all the risks of his association as to the place in which he worked, the character of the utensils and materials and employments that were obvious to him or ascertainable by him in the exercise of ordinary care."

There was no instruction given with this, as to the duty of his employers in respect to such matters and the right he had to rely upon their having discharged such duty.

"The master is bound to use reasonable care in providing reasonably safe machinery, appliances, surroundings, etc., and the servant, in the absence of notice that the machinery, etc., is unsafe or defective, has a right to rely upon the discharge by the master of his duty in respect to those things." Pennsylvania Coal Co. v. Keene, 54 Ill. App. 622.

The judgment of the Circuit Court is reversed and the cause remanded.