### Frank K. Stevens v. Louis Lewandowski.

1. INSTRUCTIONS—*Must be in Accord with the Theory of the Case.*— On the trial of an action for personal injuries an instruction not in accord with the theory of the case as stated in the declaration is properly refused.

2. SAME—*Abstract Propositions of Law.*—However correct an instruction may be as an abstract proposition of law, if it has no application to the case made by the declaration it is properly refused.

**Action for Personal Injuries.**—Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed November 5, 1896.

WILLIAM G. CHALLIS and C. PORTER JOHNSON, attorneys for appellant.

RALPH CREWS, attorney for appellee; SETH F. CREWS, of counsel.

Mr. Presiding Justice Shepard delivered the opinion of the Court.

This was an action on the case to recover for personal injuries sustained by the appellee while in the service of the appellant, and a judgment for $5,000 was recovered upon a verdict for that amount.

The declaration consisted of but one count, the material portions of which, as shown by the abstract, were as follows :

" Defendant Stevens owned a certain factory, used in the manufacture of " shoddy," and plaintiff was engaged by him as a laborer in said factory; that said process of manufacturing shoddy was wholly new to plaintiff, and that he was wholly inexperienced in the use and management of machinery used in said manufacture; and that the foreman of said defendant, well knowing plaintiff's unfamiliarity with said machinery, ordered plaintiff to work on a certain machine called a rag picker, being a machine for tearing or shredding rags, operated at a high rate of speed and containing sharp knives or barbs, which said machine, by the orders of said foreman, could not be cleaned except while running; that plaintiff was so ordered by said foreman not to stop said picker for the purpose of cleaning its rollers, inasmuch as the rules forbade the stopping of the machine except once a week; thereby compelling the one operating the machine to clean it while running at a high rate of speed; that after a few moments of instruction, plaintiff, by the orders of said foreman, operated said machine alone; that while operating said machine on the day aforesaid, with all due care and diligence on his part, and without any negligence, said machine or pickers became clogged up, and it became necessary to clean it before any further work; that plaintiff, by the orders of said foreman, was not allowed to stop said machine by throwing off the power belt, but was compelled to use his hand while cleaning it; that while so cleaning said picker, with all due care and diligence on his part, and without negligence, his right hand became caught in the knives or barbs in the machine and plaintiff's

hand and arm were bruised, lacerated and crushed.in such a manner that it became necessary to amputate plaintiff's arm from the shoulder."

Among the errors assigned is one that the court erred in giving the third instruction offered by the plaintiff.

That instruction was as follows:

"The jury are instructed, as a matter of law, that there is a duty incumbent upon every employer, and one which he can not delegate to others in such a manner as to relieve himself from the consequences of its non-performance, which duty is to furnish to his employe reasonably safe appliances and tools with which to perform the work required to be performed by the employer, and it is also the duty of the employer to use ordinary and reasonable diligence, and keep such tools and appliances in a reasonably safe condition for the performance of the work required to be done by the employe."

It will be perceived by the mere reading of the two, that the instruction does not accord with anything alleged in the declaration. The theory of the declaration is, that the injury resulted from appellant's improper and negligent requirements concerning the operation of the machine, and not at all upon the theory of the instruction, that it was the duty of appellant to furnish reasonably safe appliances, etc., to his servants. The declaration contains no allegation of duty or of negligence concerning the matters referred to in the instruction.

However correct the instruction may be, as an abstract proposition of law, it has no application to the case made by the declaration, and because it directed the attention of the jury to an element of liability not involved in the case, it was reversible error to give it. C. C. & I. C. Ry. Co. v. Troesch, 68 Ill. 545; L. S. & M. S. R. R. Co. v. Probeck, 33 Ill. App. 145; Ambrose v. Angus, 61 Ill. App. 304.

For the reason given the judgment must be reversed and the cause remanded.