## THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COMPANY V. CYRUS B. HOLT.

1. RAILROAD COMPANY — *Duty as to Machinery.* It is the duty of a railroad company, under the rule of the common law, to keep its engines and other machinery in such condition as from the nature of the business and employment the employé has a right to expect that they will be kept; and where the company fails through the exercise of ordinary care to do so, it is liable for injuries arising from its negligence.

2. WATCHFULNESS *of Engines, etc.* Engines and other machinery used in operating a railroad are liable to wear out, to break, become defective and dangerous, and every railroad company employing such agencies is charged with notice of this fact, and consequently is bound to exercise a degree of watchfulness over them commensurate with the nature of the business in which they are employed, and the consequences incident to neglect. Therefore, frequent examinations or other measures of precaution are necessary to prevent engines and machinery from becoming defective and dangerous from natural causes.

3. DEFECTIVE MACHINERY; *Liability.* A railroad company, at common law, is liable for injuries arising from defects in its machinery or other

appliances used in the operation of its road or the transaction of its work, known to it, or which it ought to have known and might have known by the exercise of reasonable and proper care on its part in examining and inspecting the same.

4. FELLOW-SERVANT — *Negligence.* A railroad company is liable to an employé even at common law, for injuries resulting from a defect in its machinery known to it, or which it might have known by the exercise of reasonable and proper care on its part, although the negligence of a fellow-servant contributes to the accident.

5. FACTS *Entitling Plaintiff to Recover.* Plaintiff was employed by a railroad company operating its road in Kansas and the Territory of New Mexico, as engine wiper or cleaner, at its round-house at Las Vegas, in New Mexico; one A. was in charge of the round-house and yards; one C. was the foreman at the place; one E. was also an engine wiper or cleaner, and worked with plaintiff. While the plaintiff was at the round-house, C. ordered him and E. to go and clean an engine which was over the pit; plaintiff and E. started to obey the order, and went from the round-house to the engine; E. got upon the engine to shake down the fire and clean the fire-box; plaintiff got under the engine into the pit to clean the ash-pan; while he was standing in the ash-pit, leaning forward and supporting himself with his right hand resting on the rail, and hoeing the ashes with a short hoe in his left hand, the engine moved automatically backward about three feet by reason of the steam escaping from the unsafe and defective throttle-valve of the engine; one driver of the engine passed over his fingers, mutilating and injuring them so that three had to be amputated. The jury found from the evidence that the engine was dangerous and unsafe for use; that the officers of the company and the person in charge of the engine did not exercise ordinary care and prudence to know the condition of the engine on the day of the injury, or at any reasonable time prior thereto; that the engine had been unsafe and dangerous for some considerable time before the day of the injury; that this fact could have been known to the company by the exercise of ordinary care; that the injury to the plaintiff was caused by the use of the defective and dangerous engine; that he was not aware the engine was defective when ordered under it, or while under it; that he was injured in consequence of the engine moving upon his hand; that he was obeying orders and performing his duty when injured; that he would not have been injured if the engine had not been defective and dangerous; and that he did not contribute by any negligence of his own to the injury. *Held,* The plaintiff was entitled to recover.

*Error from Wyandotte District Court.*

ACTION brought by *Holt* against the *Railroad Company,* to recover damages for personal injuries. Trial at the July Term,

1882, of the district court, and judgment for the plaintiff for $4,800. The defendant brings the case here. The opinion states the facts.

*Geo. R. Peck*, and *A. A. Hurd*, for plaintiff in error.

*Thomas P. Fenlon*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action for damages, brought by the defendant in error (plaintiff below), an employé of the Atchison, Topeka & Santa Fé railroad company, against the company on account of injuries received from the alleged negligence of the company in having in use a defective and a dangerous engine. The plaintiff was employed by the company as an engine wiper or cleaner, at its round-house at Las Vegas, in the territory of New Mexico. W. T. Allen at the time was in charge of the round-house and the yards; James W. Crystal was the foreman at the place; Eugene Elmore was also an engine wiper or cleaner, and worked at the time with Holt. The evidence on the part of the latter conduced to show that on the evening of the 9th of February, 1881, he went to the round-house at about seven o'clock; that he had been there only a short time when Crystal told Elmore and himself to go and clean engine No. 82, which was over the pit. Elmore and Holt started to obey the order, and went from the round-house to the engine. Elmore got upon the engine to shake down the fire and clean the fire-box; Holt got under the engine into the pit to clean the ash-pan. While Holt was standing in the ash-pit, leaning forward and supporting himself with his right hand resting on the rail, and hoeing the ashes with a short hoe in his left hand, the engine moved automatically backward about three feet, by reason of the steam escaping through the throttle, and one driver passed over his fingers, mutilating and injuring them so that three had to be amputated.

In our view of the case, the pivotal question is, whether the special findings of the jury hereinafter mentioned are

supported by the evidence. If so, the verdict of the jury
and the judgment of the trial court have abundant founda-
tion upon which to rest. It is conceded by all the counsel
that the rule of the common law prevails in the territory of
New Mexico, and therefore the railroad company is not liable
in that territory to Holt or other employés, for injury pro-
duced by fellow-servants engaged in the same business and
co-employment, provided there is no negligence in the em-
ployment or retention of the fellow-servants. It is neverthe-
less the rule, even under the common law, that a master
employing servants upon any work, particularly a dangerous
work, must use due and reasonable diligence, that he does
not induce them to work under the notion that they are
working with proper and safe machinery while employing
defective and dangerous machinery; and if an employé is
injured on that account, and without fault of his own, the
master is liable in damages. In some cases, the master is
charged with a duty to those serving him which he cannot
divest himself of by any delegation to others. Thus, it is a
general rule that any employer, whether corporate or not,
must take care that there is no negligence in procuring safe
machinery, appliances, etc., and the employer, whether cor-
porate or not, must see that the machinery is kept in proper
repair; at least, reasonable and proper vigilance must be
exercised to see that it is in proper condition for the purposes
for which it is being used. Where business is carried on by
such machinery as is used in operating a railroad, it is the
duty of the railroad company to keep the machinery in such
condition as from the nature of the business and employment,
the servant has the right to expect that it will be kept; and
where the company fails to do so, through the exercise of
ordinary care, it is liable for injuries arising from its neglect.

Again, engines and other appliances used in operating a
railroad are liable to wear out, to break, become defective
and dangerous, and a railroad company employing such
agencies is charged with notice of this fact, and consequently
is bound to exercise a degree of watchfulness over them,

commensurate with the nature of the business in which they are employed, and the consequences incident to neglect. Therefore, if a company fails to make frequent examinations of its engines, machinery and appliances, or fails to take other measures of precaution necessary to prevent such appliances and machinery from becoming defective and dangerous from natural causes; and if from such defects, which might have been known by the use of ordinary care or diligence, an employé suffers injury without his fault, negligence may be predicated thereon, as such omission would be regarded as negligence.

The question as to whose negligence shall be imputed to a corporation, as the negligence of the principal itself, in no way affects the general rule, which requires of any employer, whether corporate or not, to take care that there is no negligence in procuring proper machinery, appliances, etc., and in making use of like kind of machinery. (*Gravelle v. Rld. Co.*, 2 Fed. Rep. 569; *Totten v. Rld. Co.*, id. 564; *Gibson v. Rld. Co.*, 46 Mo. 163; *Keegan v. Rld. Co.*, 8 N. Y. 175; *Patterson v. Wallace*, Macq. H. L. Cas. 748; *Rld. Co. v. Barber*, 5 Ohio St. 541; *Hayden v. Co.*, 29 Conn. 584; *Paulmier v. Co.*, 34 N. J. L. 151; *Sullivan v. Co.*, 113 Mass. 396; *Moss v. Rld. Co.*, 49 Mo. 167; *Rld. Co. v. Moranda*, 12 C. L. J. 348; *Cowles v. Rld. Co.*, 13 C. L. J. 546; *Brabbits v. Rld. Co.*, 38 Wis. 290; *Rld. Co. v. Elliott*, 1 Coldw. 612; *King v. Rld. Co.*, 15 C. L. J. 367, and cases there cited.)

The findings of the jury referred to are as follows: That engine No. 82, inflicting the injury complained of, was dangerous and unsafe for use; that the officers of the defendant and the person in charge of the engine did not exercise ordinary care and prudence to know the condition of the engine on the day of the injury, or at any reasonable time prior thereto; that the engine had been unsafe and dangerous for some considerable time before the day of the injury, and that this fact could have been known to the company by the exercise of ordinary care; that the injury to Holt was caused by the use of the defective and dangerous engine; that he was

not aware that the engine was defective when he was ordered under it, or while under it; that he was injured in consequence of the engine moving upon his hand; that he was obeying orders and performing his duty when injured; that he would not have been injured if the engine had not been defective and dangerous; and that he did not contribute by any negligence of his own to the injury.

The finding that the engine was dangerous and unsafe for use on account of its defective or leaking throttle, was amply supported by the evidence. Several of the witnesses of the plaintiff testified to it, and three witnesses of the railroad company, among others its master mechanic, testified in substance that an engine that leaks so badly at the throttle as to move automatically is not a safe engine. The particular findings controlling in the case, which are challenged, relate to the want of the exercise of ordinary care and prudence on the part of the defendant to know the unsafe and dangerous condition of the engine, and the failure to exercise ordinary care in acertaining its unsafe and dangerous condition.

Fletcher R. Allen testified that his occupation was locomotive engineer; that he was acquainted with the engine inflicting the injury; that on the day of the injury it was leaking steam, and that it leaked bad enough so as to start itself; it did start itself that day; *that the throttle had been leaking a good while, or quite a while; that he noticed in handling the engine several times before; that the throttle was leaking;* that the engine started with him when the cylinder cocks were open, and that he did not consider himself safe to crawl under it without blocking it securely.

James Howard testified that he was yardmaster and conductor for the Chicago, Rock Island & Pacific railroad company at Leavenworth; that he had been with the company for eleven years, and that he knew a good deal about engines; that the leakage in the throttle in an engine is such a defect as to be readily observed by those in charge; that the engineer ought to know it at once, and that when an engine leaks at the throttle to such an extent as to permit it to move of its own

accord, it would be the duty of the engineer in charge to report the engine to the foreman of the round-house or shops for repairs, or to make the repairs himself.

Frank H. Grover testified that he was a locomotive engineer on the Chicago, Rock Island & Pacific railroad; that if the throttle of an engine leaked so as to cause the engine to move, it was not safe, and should be reported for repairs; that where the throttle leaked to any considerable extent so as to cause an engine to move, the defect is easily discoverable; then an engineer could and should see it at once; that it would be the immediate duty of the foreman of the round-house or shops to whom the report was made, to see it repaired.

This evidence we deem sufficient to show the company might have known by the exercise of reasonable care and diligence that the engine was unsafe and dangerous, and therefore sufficient to support the findings specially challenged. If the railroad company knew, or ought to have known of the defective and dangerous condition of the engine at the time that Holt was ordered by the foreman to clean the engine, and Holt did not know, and was not bound to know of the existence of the defect, the liability of the railroad company is fixed, if Holt was otherwise in the exercise of due care. The law will not allow the engines and machinery of the railroad company in constant use to be out of repair for want of ordinary care and skill in their management. The property of the company and the lives of passengers, as well as of railroad employés, depend upon the vigilance and frequent examination in this regard, and it is the duty of the company to keep a sufficient force at hand, and of capacity sufficient to discover obvious defects in its engines and other machinery and apply the remedy. Neglecting to keep its engines and machinery in a reasonably safe condition, if injury or loss occurs thereby the company will be liable; and it ought to be so liable, because it is required to exercise reasonable and proper care to see that its engines and machinery are in proper condition, and to guard against defects that may arise from use or other natural causes. From this responsi-

bility the company cannot be relieved except by showing that the defect was sudden or unforeseen, or that it could not be discerned or remedied by ordinary care or foresight.

If a railroad corporation does not appoint a foreman or other person whose business it is to examine, supply, repair or remedy defective engines and other machinery in actual use, it is guilty of negligence in omitting to do something that a reasonable employer would do. If it does appoint a foreman or other person to represent the corporation in this regard, and such foreman or other person omits his duty when he has knowledge of defects existing in engines and machinery in use, or fails to ascertain and remedy defects he ought to have known and might have known by the exercise of reasonable and proper care on his part by examining and inspecting the same, his negligence will be the negligence of the corporation. Counsel contend, however, that if the wheels of the engine had been blocked when placed over the pit to be cleaned, the injury complained of might have been prevented, and argue that the person charged with this duty must be presumed, in the absence of evidence defining his duties and describing his position, to have been a fellow-servant with Holt, and therefore that no recovery can be had, because the company is not at common law liable for the negligence of a co-employé. Even assuming that it was the duty of some fellow-servant of Holt to have blocked the wheels of the engine, the argument of counsel is not sound, because if the negligence of the master or employer combines with the negligence of a fellow-servant, and the two contribute to the injury, the servant injured may recover damages from the master. In *Cayzer v. Taylor*, 10 Gray, 274, it was decided that the master is liable to his servant for injuries resulting from a defect in his machinery, although the negligence of a fellow-servant contributes to the accident. See also *Crutchfield v. Rld. Co.*, 76 N. C. 320; *Booth v. Rld. Co.*, 73 N. Y. 38; *Paulmier v. Rld. Co.*, 34 N. J. L. 151. In the latter case the track over a trestle-work was not capable of supporting an engine, and the engineer in charge had orders not to put the engine thereon,

but disobeyed orders, and a fireman who was on the engine and who was unaware of the orders or of the danger, was killed in consequence of the trestle-work giving away, and it was held a case for damages. The reason of this rule is, that while at common law the servant impliedly agrees to take the risk of negligence on the part of his fellow-servants, which the master cannot prevent, he does not impliedly agree to take the risk of any negligence on the part of the master. As we have placed the affirmance of the judgment of the trial court upon the special findings of the jury supported by the evidence, that Holt was injured while obeying orders and performing his duty without fault upon his part through the use of a dangerous and unsafe engine, which moved backward upon him by reason of the steam leaking through a defective throttle-valve, and of which defect in the engine the company ought to have known and might have known prior to the injury, by the exercise of reasonable and proper care on its part, we do not think it is necessary to examine or discuss the various propositions concerning the alleged errors in the giving and refusing of the instructions. In our view, even if the instructions are subject to the criticism made upon them by counsel, the errors, if any, arising therefrom are immaterial. The same may also be said of the other alleged errors. Had the engine of the company not been defective and dangerous, the failure of the trial court to have declared more clearly that the company in the territory of New Mexico was not liable to an employé for the negligence of a co-employé, might have been prejudicial. But as the case was tried, and is now presented, we think upon the special findings of the jury, no error injurious in its results occurred to the party complaining.

The judgment of the district court will therefore be af-affirmed.

All the Justices concurring.