MISSOURI, KANSAS & TEXAS RAILWAY COMPANY v. O. E. KELLERMAN.

Decided April 29, 1905.

**1.—Law of Another State—Comity.**

A right of action given by the statute of another State will be enforced here, if our statutes give a similar right under the same state of facts, and it is not necessary that the statutes be identical.

**2.—Same—Fellow Servant Statutes of Kansas and Texas.**

The fellow servant statute of Kansas making a railroad liable to an employe for the negligence of its agents and for mismanagement by its engineers or other employes is similar to the fellow servant statute of Texas, and will be enforced by the Texas courts, where they have obtained jurisdiction of the parties, as to rights arising under the Kansas statute. The latter creates no distinction between agents on the one hand and engineers and employes on the other such as would alter the case.

**3.—Nonresident Suing Foreign Railway Corporation.**

Where the road of a railway company incorporated under the laws of Kansas extends into Texas it may be sued here, upon service duly had in Texas, by a resident of Kansas to recover for personal injury which occurred in Kansas.

**4.—Same—Laws of Another State.**

The laws of Texas and of Kansas being substantially the same with reference to the doctrine of comparative negligence, to the duty of the master to

furnish the servant with safe tools and a safe place to work in, and to the right of defendant to have a special verdict, objections on these grounds to the Texas courts exercising jurisdiction in this case are held not tenable.

### 5.—Same—View by Jury.

Nor does the fact that in Kansas the defendant could have the jury view the place of the injury constitute such an objection, since the statute does not give this as an absolute right, it being discretionary with the judge trying the cause.

### 6.—Same—Law not Applicable.

The court properly excluded evidence of the Kansas statute limiting the recovery in a case of death by wrongful act to $10,000, this being an action for injuries not causing death.

### 7.—Negligence—Injury to Switchman—Charge—Harmless Error.

Where in an action for injury to a railroad switchman the charge submitted only one issue of negligence, the failure of the foreman directing the work to keep a lookout for the engine making the coupling, the submission in the same connection and sentence whether or not such foreman directed plaintiff to figure the tonnage of the train then being made up, and told plaintiff that he, the foreman, would make the coupling, though erroneous because not warranted by the pleading, could not have affected the defendant injuriously.

### 8.—Same—Proximate Cause—Question for Jury.

Whether plaintiff's failure to keep a lookout and give signals to the engineer in charge of the switch engine was the proximate cause of the injury was a question for the jury.

### 9.—Same—Order of Foreman—Contributory Negligence.

If plaintiff was directed by his foreman to figure the tonnage on the cars, the foreman stating that he would keep a lookout and give signals to the engineer of the switch engine, plaintiff was not guilty of contributory negligence in failing to keep a lookout or give signals, as it would otherwise have been his duty to do.

### 10.—Same—Joint Negligence—Charge Misleading.

A charge that if the jury believed from the evidence that plaintiff and his foreman were both negligent, and that such negligence contributed to the injuries, they should find for defendant, regardless of any other fact in the case, was properly refused as misleading, in that the jury might have understood therefrom that if the negligence of the foreman alone contributed to plaintiff's injury he could not recover.

### 11.—Same—Admission of Negligence—Evidence.

Where a witness for the defendant company testified on cross-examination that he was injured on the same occasion with plaintiff, and that the company had settled with him, a requested charge limiting such testimony to the credibility of the witness was properly refused, since it tended also, when unexplained, to show an admission of negligence on the company's part.

Appeal from the District Court of Grayson. Tried below before Hon. J. M. Pearson.

*T. S. Miller* and *A. S. Beaty,* for appellant.—This is a case in which both parties are nonresidents; one in which the suit is for an alleged tort committed in another State, the laws of which are different from ours; and one in which it worked a very great hardship and expense upon the defendant as well as a deprivation of many valuable rights of procedure, and, moreover, was an unnecessary imposition upon the taxpayers of this State, for the cause to be tried here. Therefore it

was not only the privilege but the duty of the trial court to refuse to entertain jurisdiction. Railway v. Jackson, 89 Texas, 107; Railway v. Miller, 19 Mich., 315.

*Wolfe, Hare & Maxey,* for appellee.—1. A citizen of the State of Kansas has a constitutional right to prosecute in the courts of this State, any suit which could be maintained by a citizen of Texas had he the same or similar cause of action. The fact that the plaintiff or defendant, or both of them, are citizens of some other State of the United States, would not of itself effect the jurisdiction of the courts of this State to hear and determine a cause of action when jurisdiction of the persons had been acquired. Ward v. Maryland, 12 Wall., 418; Const. U. S., art. 4, sec. 2; Cole v. Cunningham, 133 U. S., 107, 33 L. E., 538; Corfield v. Coryell, 4 Wash. C. C., 371; Lemmon v. People, 20 N. Y., 608; Campbell v. Morris, 3 Har. & McH., 535; Coford v. Circuit Judge, 79 Mich., 352, 44 N. W. Rep., 623; Emgartner v. Ill. Steel Co. (Wis.), 68 N. W. Rep., 664; Reno, Nonresidents, p. 42, sec. 40.

2. A right of action for a tort created by statute of one State may be prosecuted in another unless against good morals or natural justice or some equally good reason. Dennick v. Railway Co., 103 U. S., 11, L. E., 439; Railway Co. v. Cox, 143 U. S., 593, L. E., 829; Railway Co. v. Babcock, 154 U. S., 190, L. E., 958; Huntington v. Attrill, 146 U. S., 670, 36 L. E., 1123; Herrick v. Railway Co., 31 Minn., 11, 16 N. W. Rep., 413; Railway Co. v. Doyle, 60 Miss., 677; Knight v. Railway Co., 108 Pa., 250, 26 Am. Eng. R. cases, 485; Morris v. Railway Co., 65 Iowa, 737, 40 N. W. Rep., 401; Higgins v. Railway Co., 155 Mass., 176, 29 N. E. Rep., 534; Railway Co. v. McMullen, 117 Ind., 439, 20 N. E. Rep., 287; Burns v. Railway Co., 113 Ind., 167, 15 N. E. Rep., 230; Railway Co. v. Shivel, 18 S. W. Rep., 944; McLeod v. Railway Co., 58 Va., 727, 6 Atl. Rep., 648; Railway Co. v. Rouse, 178 Ill., 132, 52 N. E. Rep., 951; Marisette v. Railway Co., 56 Atl. Rep., 1102; Railway Co. v. Lucy, 43 Ga., 461, 49 Ga., 106; Railway Co. v. Sprayberry, 8 Baxt. (Tenn.), 341; Leonard v. av. Co., 84 N. Y., 48.

3. The fact that the witness Fleming was injured in the same accident for which appellee claims damage, and appellant had settled with him, was admissible as an admission against interest. Railway Co. v. Hertzig, 22 S. W. Rep., 1013; Grimes v. Keene, 52 N. H., 330; Howland v. Martell, 86 Ga., 669, 12 S. E. Rep., 1068; Missouri Pac. Ry. Co. v. Lehmberg, 75 Texas, 51.

BOOKHOUT, ASSOCIATE JUSTICE.—This was a suit for damages on account of personal injuries sustained by the plaintiff while employed by the defendant as a switchman, and the trial resulted in a verdict and judgment in his favor for $6,500, from which the defendant appeals.

The petition showed that the plaintiff resided in the State of Kansas; that the defendant was incorporated by virtue of the laws of Kansas, and that the injury complained of was sustained in the city of Parsons, within said State. The defendant interposed a plea to the jurisdiction, setting up these facts as a reason why the District Court of Grayson

County ought not to take jurisdiction of and try the cause. The plea further alleged that the statute of Kansas, creating the cause of action, was different from the statute of Texas on the same subject, and that it will work a great hardship upon defendant and cause additional expense, and a deprivation of many valuable rights of procedure, to have the cause tried here.

The defendant in support of its plea read in evidence the following statute of Kansas:

"8014. Common Law—The common law as modified by constitutional and statutory law, judicial decisions, and the condition and wants of the people, shall remain in force in aid of the general statutes of this State; but the rule of the common law, that statutes in derogation thereof shall be strictly construed, shall not be applicable to any general statute of this State, but all such statutes shall be liberally construed to promote their object."

"1921. Jurisdiction. 1. There shall be in each county organized for judicial purposes a District Court, which shall be a court of record, and shall have general jurisdiction of all matters, both civil and criminal (not otherwise provided by law), and jurisdiction in cases on appeal and error from all inferior courts and tribunals, and shall have general supervision and control of all such inferior courts and tribunals, to prevent and correct errors and abuses."

"1952. Fourteenth District. 26a. The counties of Labatte and Montgomery shall constitute the Fourteenth Judicial District, and terms of court shall be held therein commencing in each year, as follows: In Labatte County on the first Monday in February, April, June and November; and in Montgomery County on the first Monday in March, May, October and December."

"4732. Verdicts, General and Special. The verdict of the jury is either general or special. A general verdict of the jury is that by which they pronounce generally upon all or any of the issues, either in favor of the plaintiff or defendant. A special verdict is that by which the jury finds facts only. It must present the facts as established by the evidence, and not the evidence to prove them; and they must be so, presented as that nothing remains to the court but to draw from them conclusions of law."

"4724. View by the Jury. Whenever, in the opinion of the court, it is proper for the jury to have a view of the property which is the subject of litigation, or of the place in which any material fact occurred, it may order them to be conducted in a body under the charge of an officer to the place, which shall be shown to them by some person appointed by the court for that purpose. While the jury are thus absent, no person other than the person so appointed shall speak to them on any subject connected with the trial."

Also the statutes fixing the fees of the clerk of the District Court, and that fixing the fees of stenographers.

The defendant read in evidence the decisions of the Supreme Court of Kansas in the following cases, published in the Supreme Court Reports of Kansas, or in the Pacific Reporter, published by West Publishing Company, which decisions were agreed to as being duly authenticated and authorized: Railway v. Rollins, 5 Kan., 108; Sawyer

v. Sauer, 10 Kan., 355; Railway v. Houts, 12 Kan., 263; Railway v. Blevins, 26 Pac. Rep., 689. It was agreed that the record should not be encumbered with these decisions in full, but that the same should be considered as though set out in full, as they appear in the Kansas Reports and Pacific Reporter.

The defendant offered in evidence the following statute of Kansas, shown to have been in force since prior to 1901:

"4871. Action for Death; Limitation, Etc. When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived, against the latter for an injury for the same act or omission. This action must be commenced within two years. The damages can not exceed ten thousand dollars, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased." The court ruled this evidence was irrelevant and immaterial and excluded it, to which ruling defendant excepted.

Plaintiff introduced in evidence section 5858 of the Statutes of Kansas, reading: "Every railroad company organized or doing business in this State, shall be liable for all damage done to any employe of said company in consequence of any negligence of its agents or of any mismanagement of its engineers, or other employes to any person sustaining such damage."

The appellee read in evidence the following decisions of the Supreme Court of Kansas: City of Emporia v. Kowalski, 71 Pac. Rep., 232; Union Pac. Ry. Co. v. Young, 19 Kan., 488; Atchison, T. & S. F. Ry. Co. v. Kockler, 15 Pac. Rep., 567; Railway Co. v. Hall, 29 Kan., 149; Brower v. Timreck, 71 Pac. Rep., 589; Atchison, T. & S. F. Ry. Co. v. Kingscott, 69 Pac. Rep., 184; Atchison, T. & S. F. Ry. Co. v. Bancord, 71 Pac. Rep., 253; Swift & Co. v. Creasy, 61 Pac. Rep., 314.

It was agreed that the Missouri, Kansas & Texas Railway Company operates a line of railroad, extending from Red River south into the city of Denison, and from Warner Junction on the main line to Ray Yards, west of the city of Denison, and in conjunction with the Missouri, Kansas & Texas Railway Company of Texas, operates lines between Ray Yards and the depot yards, round houses and machine shops in Denison. That these lines are owned by the Texas company. That the Missouri, Kansas & Texas Railway Company and the Missouri, Kansas & Texas Railway Company of Texas are operated under the designation as the Missouri, Kansas & Texas Railway System. That the ticket agent in Denison had authority to and did sell tickets from Denison north good over the Missouri, Kansas & Texas Railway Company, and from Denison south, good over the Missouri, Kansas & Texas Railway Company of Texas, and is the joint agent of the two roads, as is also the freight agent in Denison.

The rule recognized by the courts of this State is, that a right of action given by the statute of another State will be enforced in this State, if our statutes give a similar right under the same state of facts. (Railway Co. v. Richards, 68 Texas, 375; Railway Co. v. McCormick, 71 Texas, 660; Railway Co. v. Jackson, 89 Texas, 107.) The statutes

of this State make railway companies liable to their servants for injuries occasioned by the neglect of their fellow servants while engaged in operating their trains.   The State of Kansas has a statute creating a liability against a railway company for damage done to an employe in consequence of any mismanagement of its engineers or other employes, to any person sustaining such damage.   Are the statutes of Kansas and Texas giving this right similar?  It is not necessary that the statutes should be identical.  In Leonard v. Navigation Company, 84 N. Y., 48, it is said: "It is not essential that the statutes should be precisely the same as that of the State where the action is given by law, or where it is brought, but merely requires that it should be of a similar import or character."   In Nelson v. Railway Co., 88 Va., 971, 14 S. E., 838, the court cites and adopts the language used in the Leonard case.

Morris v. Railway Co., 65 Iowa, 737, 40 N. W., 401, is a case where the administrator sued the railroad company in Iowa for damages for negligently causing the death of his intestate in Illinois.   The statute of Illinois limits the liability of railroad companies to $5,000.   No such limit was found in the statutes of Iowa.   By the statutes of Illinois the recovery was for the benefit of the widow and next of kin, while in Iowa it was to be disposed of as other personal property.   The Supreme Court of Iowa held that they had no jurisdiction to try the case and that it should be disposed of according to the laws of Illinois, and that it was not necessary that the two statutes should be identical, but it was sufficient for them to be of similar import or character.

We conclude that the statute of this State and the statute of Kansas, making railroad companies liable to their servants for injuries caused by the negligent act of their fellow servants engaged in operating their trains, are similar, and that it is the duty of the courts of this State, when jurisdiction has been obtained over the parties, to enforce the right arising under the Kansas statute.   (Dennick v. Railway Co., 103 U. S., 11, 26 L. Ed., 439; Railway Co. v. Cox, 143 U. S., 593, 36 L. Ed., 829; Railway Co. v. Babcock, 154 U. S., 190, 38 L. Ed., 958; Huntington v. Attrill, 146 U. S., 670, 36 L. Ed., 1123; Herrick v. Railway Co., 31 Minn., 11, 16 N. W., 413; Railway Co. v. Doyle, 60 Miss., 977; Knight v. Railway Co., 108 Pa., 250, 26 Am. Eng. R. Cases, 485; Higgins v. Railway Co., 155 Mass., 176, 29 N. E., 534; Railway Co. v. McMullen, 117 Ind., 439, 20 N. E., 287; Burns v. Railway Co., 113 Ind., 167, 15 N. E., 230; Railway Co. v. Shivel, 18 S. W. (Ky.), 944; McLeod v. Railway Co., 58 Vt., 727, 6 Atl. Rep., 648; Railway Co. v. Rouse, 178 Ill., 132, 52 N. E., 951; Morisette v. Railway Co., 56 Atl. Rep., 1102; Railway Co. v. Lucy, 43 Ga., 461, and 49 Ga., 106; Railway Co. v. Sprayberry, 8 Baxt. (Tenn.), 341; 22 Am. and Eng. Enc. of Law (2d ed.), pp. 1379, 1380.)

Nor does the fact that the plaintiff was alleged to be a citizen of Kansas and that defendant was incorporated by virtue of the laws of that State furnish a sufficient reason why the courts of this State should not take jurisdiction of the cause.   The defendant's road extends into, and is operated in, this State, and service was made upon it here.   In the case of Morisette v. Canadian Pacific Railway Company, supra, the plaintiff was a resident of Canada, and the defendant was a Canadian corporation, and the injury occurred in the Province of Quebec, Canada;

and the courts of that province were open to the plaintiff.  He sued in the State of Vermont and the courts of that State took jurisdiction of the cause.

The decisions of the Supreme Court of Kansas do not show the method of procedure in that State in enforcing this statute to be substantially different from that of this State.  It seems to be contended that the doctrine of "comparative negligence" prevails in Kansas. This was expressly repudiated by the Supreme Court of that State in Union Pacific Railway Company v. Young, 19 Kan., 488, introduced in evidence by appellee.  The duty which the master owes the employe is announced in the case of City of Emporia v. Kowalski, supra, as follows:  "It is the duty of the master to furnish a safe place at which his servants may work, and reasonably safe tools and appliances to work with, and the employe, without instituting an investigation to ascertain the condition of the premises, may assume that the master has performed his duty."  This is substantially the same as the rule in this State.

It is argued that the fellow servant act of Kansas makes a railway company liable to employes for the "negligence of its agents" and the "mismanagement of its engineers and other employes," and it is contended that a fair construction shows that it is intended by the act to make a distinction between agents on the one hand and engineers and other employes on the other, and also between negligence and mismanagement.  We do not think the argument sound.  By the act the company is made responsible for any mismanagement of its engineers or other employes to any person sustaining damage thereby.

Again, it is said, that in Kansas the railway company could have had a special verdict as a matter of right.  It may be answered it has the same right in this State.  (Rev. Stats., arts. 1328, 1329, 1330, 1331, 1332.)

It is said that in Kansas the appellant could have had the jury view the place of the injury.  The statute gives such right when in the opinion of the court it is proper.  It is not an absolute right, but is discretionary with the judge trying the case.  This statute affords no sufficient reason why the courts of this State have not jurisdiction to try this cause.  This not being a death case, the court properly excluded the Kansas statute limiting the recovery in case of death by the wrongful act or omission of another to ten thousand dollars.

It is contended that the court erred in charging the jury as follows: "Or if you believe from the evidence that it was the duty of James Fleming, on the occasion when the injury is alleged to have occurred, to keep a lookout for the cars to which said stock car was to be coupled, and to give signals to the engineer in charge of the said switch engine; or if you believe from the evidence that the said James Fleming directed the plaintiff to figure the tonnage of the train that was being made up, and told plaintiff that he, James Fleming, would make the coupling; and if you further believe from the evidence that said Fleming failed to keep such lookout as an ordinarily prudent person would have done under the same or similar circumstances; and if you further believe from the evidence that such failure on the part of Fleming to keep such lookout if you find that he did so fail, was an act of negligence, and

that such negligence, if any, on the part of said Fleming was the direct and proximate cause of the injuries, if any, received by plaintiff, then you will find for plaintiff, unless you find for defendant under subsequent instructions."

It is insisted that there was no allegation in the petition that the foreman, James Fleming, directed the plaintiff to figure the tonnage of the train that was being made up, and told the plaintiff that he, James Fleming, would make the coupling, and for this reason the charge was error. The negligence alleged in the petition for a recovery was: (1) the failure of the employes working with appellee to keep a lookout; and (2) the defective condition of the drawhead on the coupling apparatus of the car which caused it to give way in the collision. The plaintiff was injured while standing on the footboard between the tender of a switch engine and a stock car to which the engine was coupled. The car was being pushed back at the rate of four or five miles an hour for the purpose of coupling to other cars when it struck the other cars. The speed should have been checked before the other cars were reached, but this was not done because no slow signal was given to the engineer. The coupling apparatus and deadwood of the stock car gave way and caused the plaintiff to be pinned and bruised.

The charge complained of, in effect, only submitted to the jury one issue of negligence, the failure of James Fleming to keep such lookout as an ordinarily prudent person would have done under the same or similar circumstances. That portion of the charge which refers to his directing appellee to figure tonnage, and that he, James Fleming, would make the coupling, could not have affected the railway company injuriously. If the words complained of, "or if you believe from the evidence that said James Fleming directed the plaintiff to figure the tonnage of the train that was being made up, and told plaintiff that he, James Fleming, would make the coupling," were eliminated, the charge would not be subject to criticism. Fleming was appellee's foreman, and had the right to direct and control appellee. If a lookout should have been kept and the foreman promised to keep such lookout, then it was his duty to do so, and whether or not his failure to do so constituted negligence on his part was properly a question for the jury. The language complained of does not tell the jury that such failure on the part of Fleming was negligence, but submits to the jury whether such failure constituted negligence.

The following paragraph of the court's charge is assigned as error: "Or if you find and believe from the evidence that Fleming never told plaintiff to figure out the tonnage on the train at and immediately preceding the accident and you further find from the evidence that Fleming never told plaintiff that he, Fleming, would keep a lookout for cars on the track in the direction in which they were moving, and give signals to the engineer in charge of the switch engine, and you further believe that it was the duty of plaintiff to keep a lookout at the time he is alleged to have been injured, for cars on defendant's track, and give signals to the engineer in charge of the switch engine, and you further find from the evidence that plaintiff failed to give signals to the engineer in charge of the engine, and you further find

and believe from all the facts and circumstances in evidence before you, that plaintiff was guilty of contributory negligence in failing to keep a lookout and give signals, if he so failed, and you further find and believe from the evidence that such failure, if any, on the part of plaintiff to keep such lookout and give signals, was the proximate cause of plaintiff's injury, then you will find a verdict for the defendant, even though you may also believe from the evidence that the coupling apparatus connecting the stock car and engine together was either weak, defective, or improperly constructed."

As stated, the appellee was on the footboard between the tender and stock car. He had ceased to keep a lookout, or give signals, and the engine was not slowed down. There was testimony tending to show that it was his duty to do these things. It is insisted that this charge required the jury to believe that the plaintiff's contributory negligence was the proximate cause of the plaintiff's injury before they could find against him on account thereof. The court had instructed the jury that, "it is the duty of an employe of a railway company to exercise such care for his own safety as an ordinarily prudent person would under the same or similar circumstances, and in case he fails to exercise such care and injury results to him, which is proximately caused or helped to be caused by such failure on his part, then the railway company is not liable to such employe for damages for such injury, and he would not be entitled to recover on account of injuries resulting from such defects as he had knowledge of, or which in the ordinary discharge of his duty he must have necessarily known."

If appellee's foreman, Fleming, under whose directions appellee was working, directed appellee to figure tonnage and promised that he, Fleming, would keep a lookout and give signals, which otherwise it was appellee's duty to do, then there was no duty devolving upon appellee to keep a lookout or give signals. That is, before it could be said that appellee was negligent in failing to keep a lookout or give signals, the jury must have found that no such promise had been made him by his foreman. The appellee admitted that he neither kept a lookout nor gave the signals, and justified such failure by the promise of Fleming to perform these duties.

The jury could not have been misled by the language of the charge complained of. It was proper for the court to submit to the jury the question as to whether or not appellee's failure to keep a lookout and give signals was the proximate cause of his injury. (Railway Co. v. Pendleton, 30 Texas Civ. App., 431, 70 S. W. Rep., 996; Railway Co. v. Culpepper, 19 Texas Civ. App., 182, 46 S. W. Rep., 922.)

Complaint is made of the action of the court in refusing appellant's requested charge, reading: "Gentlemen of the jury: If you believe from the evidence that the plaintiff and his foreman were both negligent, and that such negligence contributed to the plaintiff's injury, you will find for the defendant, regardless of any other fact in the case." The charge is misleading in that the jury might have understood therefrom that if the negligence of the foreman alone contributed to appellee's injury he could not recover, and hence it was properly refused.

Charge number 6, requested by appellant, the refusal of which is made the basis of its twelfth assignment, was sufficiently embraced in

the court's charge. For the same reason there was no error in refusing appellant's special charge number 9, the refusal of which is complained of in its fifteenth assignment of error.

The defendant introduced James Fleming as a witness in its behalf. Upon cross examination he stated. "I was injured on that occasion and the company has settled with me." No objection was made to the introduction of this evidence and no motion was made to strike out or limit the same, but defendant requested a special charge reading: "Gentlemen of the jury: You can not consider evidence of the fact that Fleming has been settled with by the defendant except as touching the credibility of said Fleming as a witness." This charge was refused. It is admitted that this evidence was competent as affecting the weight to be given the testimony of the witness. There is authority to the effect that it is admissible as tending, unexplained, to show an admission of negligence on the part of the company. (Railway Co. v. Hertzig, 3 Texas Civ. App., 296, 22 S. W. Rep., 1013; Grimes v. Keene, 52 N. H., 330; Howland v. Martell, 86 Ga., 669, 12 S. E. Rep., 1068; Missouri Pac. Ry. Co. v. Lehmberg, 75 Texas, 61.) There was no error in refusing the charge.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

Writ of error refused.