TEXAS & N. O. R. CO. v. COMMERCIAL UNION ASSUR. CO. OF LONDON, ENG.

(Court of Civil Appeals of Texas. Dallas. March 25, 1911. On Rehearing, May 13, 1911.)

1. INSURANCE (§ 607*)—SUBROGATION OF INSURER—PLEADING.

In an action by an insurer against a railroad company to recover the amount of a fire loss paid by plaintiff, who took a subrogation contract from insured under the insurance policy, caused by fire negligently set by the railroad company, allegations in the petition that defendant had settled with the insured for the damages over and above the amount of the insurance policy, are not subject to exceptions, where the petition did not show that the settlement was made in compromise of the loss sustained.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1512, 1513; Dec. Dig. § 607.*]

2. EVIDENCE (§ 219*)—ADMISSIONS—COMPROMISE.

The policy of a railroad company to settle fire claims without regard to legal liability does not render inadmissible evidence of such a settlement, in an action by an insurer for the amount of a fire loss paid on a fire set out by the railroad company; such settlement being admissible as tending to show an admission that the fire was negligently set out.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 762–770; Dec. Dig. § 219.*]

3. INSURANCE (§ 607*)—SUBROGATION OF INSURER—INSTRUCTIONS.

In an action by an insurer against a railroad company, to recover the amount of a fire loss paid by plaintiff, who took a subrogation contract from insured under the insurance policy, where evidence was admitted of a settlement by the railroad company with the insured, the company was entitled to an instruction that, if reasonable explanation were made of the settlement with the claimants because of a policy of making settlements with all parties sustaining losses, without regard to legal liability therefor, then proof of such settlement should not be considered as tending to admit liability of a defendant company.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1512, 1513; Dec. Dig. § 607.*]

4. RAILROADS (§ 453*) — OPERATION — FIRES—CARE REQUIRED.

Where railroad employés in charge of a locomotive used ordinary care and skill in operating the locomotive to prevent the escape of fire, and the company used ordinary care to have the locomotive equipped with the best appliances in general use for preventing the escape of fire, and in keeping the locomotive in good repair and serviceable condition, the company was not liable for the fire, although it was in fact set out by fire which escaped from the locomotive.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1657–1660; Dec. Dig. § 453.*]

On Rehearing.

5. RAILROADS (§ 481*) — OPERATION—FIRES—EVIDENCE.

In an action for fire set out by a railroad, evidence of numerous fires set out by the defendant during the same summer and fall was admissible in rebuttal of evidence that the defendant equipped all its engines with the best approved spark arresters.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1717–1729; Dec. Dig. § 481.*]

Appeal from District Court, Kaufman County; J. S. Woods, Special Judge.

Action by the Commercial Union Assurance Company of London, England, against the Texas & New Orleans Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Baker, Botts, Parker & Garwood, Terry & Brown, Gossett & Shearon, and J. S. McEachin, for appellant.

BOOKHOUT, J. This was a suit by appellee, assurance company, against appellant, railroad company, for $500; plaintiff's original petition alleging, in substance, as follows: That plaintiff (appellee), for a premium of $25 paid by W. P. Allen, issued a policy of insurance, effective the 18th day of August, 1909, on a hay barn owned by said Allen at Gastonio, in Kaufman county, which said barn was near defendant's right of way, and was destroyed by fire negligently set out by the railroad company the 18th day of August, 1909, the alleged liability of the railroad being based on permitting grasses and weeds to accumulate on the right of way, and the use of old and worn engines, not equipped with proper spark arresters, etc.; that in due course, and in pursuance of terms of the policy, said insurance company paid the full amount of said policy to said Allen, $500, and took from said Allen, under the terms of the policy, an assignment and subrogation contract, whereby the said railroad company became liable to the said insurance company for the full amount of said policy; that the said alleged barn, when negligently burned by the railroad company, was of the value of $1,358.80; that said railroad company, with full notice of said insurance company's rights under said assignment and subrogation contract and policy, paid to the said Allen the full loss sustained by him by reason of the destruction of said barn, except the sum of $500 theretofore paid the said Allen by the insurance company, to wit, the sum of $600, with prayer for judgment in the sum of $500, together with 6 per cent. interest from the 28th of September, 1909. Defendant answered by general demurrer and special exception to that portion of plaintiff's petition which pleaded payment by the railroad company to W. P. Allen for alleged loss of barn over and above the amount of said insurance policy, and general denial. Trial resulted in judgment for plaintiff against the railroad company for the full amount of the assigned and subrogated policy, with interest as prayed for, and from this judgment the railroad company has perfected its appeal to this court.

[1] There was no error in overruling the exceptions to plaintiff's petition, as contended by appellant, wherein plaintiff alleged settlement by defendant with W. P. Allen for fire losses sustained by Allen, as result of a fire at Gastonio, August 18, 1909, for damages in amount over and above the $500 insurance

policy sued on in this case. The petition did not show that such settlement was made in compromise of the loss sustained by Allen on account of the fire.

[2] Defendant's attorneys stated orally upon a hearing of their exceptions that the proof would show without question that train No. 166, engine 608, set out the fire which caused the damage which is the basis of suit; that such identification of train was established by depositions now on file; and the public policy of the defendant was to make settlement with citizens along its line sustaining loss by reason of fire set out by defendant's engine, without regard to its legal rights or to legal liability; and defendant insisted that the public policy of the defendant company in making settlements of fire claims arising from fire starting from defendant's engines, without regard to legal liability, renders improper, under the law, the admission of proof of settlement with W. P. Allen, or others sustaining loss by reason of the fire complained of. We do not concur in this contention. The fact that the defendant settled the damages sustained by Allen and others resulting from the same fire was admissible in evidence as tending to show an admission by the company that the fire which destroyed Allen's barn was negligently set out by defendant's engine. Railway v. Hertzig, 3 Tex. Civ. App. 296, 22 S. W. 1013; Railway v. Kellerman, 39 Tex. Civ. App. 274, 87 S. W. 401.

[3] It is contended that the trial court erred in refusing appellant's special charge No. 1. It is insisted that the court having admitted proof of the settlement with Allen as an admission of negligence and liability, it should have given appellant's special charge No. 1, as an aid to the jury to a proper consideration of the explanation of the settlement proven by plaintiff. Special charge No. 1 is as follows: "The court allowed evidence of settlement by defendant with W. P. Allen and others for claims for damages arising out of fire damage involved in this suit. The jury is instructed that if you find from other evidence admitted under ruling of this court that defendant has explained the reason for making settlement of claims of this character with others than the insurance company, then you are advised that such explanations, if made, may be considered by you in connection with plaintiff's testimony and contention to the effect that settlement so made tended to prove unexplained an admission of liability on the part of defendant, and you should consider evidence offered by defendant, as tending to explain such settlement in connection with evidence offered by plaintiff showing settlement of such claims. If reasonable explanation is made of settlement with claimant, because of a certain policy of making settlements with all parties sustaining losses from fire set out by defendant's engines, without regard to legal

liability of defendant, then proof of such settlement should not be considered, as tending to admit liability of defendant company in this case."

This contention must be sustained. Brown and Milam testified that it was the policy of defendant to make nonlitigated adjustments with citizens along its right of way for damages arising from fires set by its engines, whether legally liable or not. If the jury believed that the settlement was made with Allen for the damages sustained by him by reason of the fact that appellant's policy was to make settlement with all parties sustaining losses from fire set out by defendant's engines, without regard to legal liability, then such settlement should not be considered as tending to admit liability that defendant negligently set out the fire.

[4] Error is assigned that the court erred in its main charge in imposing the burden on the defendant, as an insurer and at its own hazard, of equipping its engines with the most approved spark arresters obtainable and in use, and erred in refusing defendant's special charges Nos. 6 and 7, wherein the law was correctly announced touching the duty of the defendant company to use ordinary care to equip its engines with the most approved spark arresters in use. The charge is subject to criticism in this respect. The rule is that the duty is imposed upon the company to use ordinary care to equip its engines with the most improved spark arresters obtainable and generally in use.

Defendant requested a special charge, No. 7, reading as follows: "The jury is instructed that, if you find from the evidence in this case that the defendant used ordinary care to have the locomotive or engine which is supposed to have set out the fire equipped with the best appliances in general use by railroad companies for preventing the escape of fire and sparks, and the defendant used ordinary care to keep such engine in good repair and serviceable condition, and that defendant's employés in charge of its engine used ordinary care and skill in operating said locomotive and engine to prevent the escape of fire therefrom, then defendant would not be liable, although you may believe from the evidence that the fire which caused the damage sued for was in fact set out and started by fire which escaped from such engine or locomotive." This charge announced a correct proposition of law, and the court erred in refusing the same.

The assignments not discussed do not present reversible error, and are overruled.

For the errors pointed out, the judgment is reversed, and the cause remanded.

### On Rehearing.

[5] In its motion for rehearing, appellant complains of our failure to sustain the seventh, eighth, and ninth assignments of error. These assignments complain of the court's

action in admitting evidence of the setting out of numerous fires by defendant during the summer and fall of 1909, between Kaufman and Crandall; the defendant having admitted that the engine which set out the fire complained of was engine 608. It is contended the evidence should have been confined to the condition of said engine. Notwithstanding appellant's admission that engine 608 set out the fire which caused the damage, it introduced testimony that all its engines were equipped with the best approved spark arresters, and it was because of the admission of this evidence by defendant the plaintiff was permitted to introduce in rebuttal evidence that its engines were not so equipped, and that defendant's engines, generally, during the months of July, August, and September, threw out sparks and set out fires. This evidence was properly admitted in rebuttal of defendant's evidence that all its engines were properly equipped as to spark arresters.

Appellant's motion for rehearing is overruled.