We take the following statement of the case, which seems to be correct, from appellant's brief:
"On February 17 1911, appellee, F. M. Thomas, instituted this suit against appellant, the St. Louis, San Francisco Texas Railway Company, for damages for personal injuries and injury to property. He in substance alleged that on February 2, 1911, he was driving along a street in the city of Sherman in a two-horse wagon drawn by a horse and a mule at a point where the same crosses the tracks of appellant; that appellant's employés in charge of an engine near said crossing carelessly blew the whistle on the engine, scared the team, and, after seeing his position of danger, continued to blow the whistle, caused his team to run away, turn the wagon over, and injure him, and damaged and injured his wagon, harness, and team; that he sustained damage in the aggregate sum of $20,000. On April 22, 1913, Hamp P. Abney and J. W. Hassell intervened in the case, alleging that they were practicing attorneys; that they had been retained by appellee, Thomas, to bring his suit against appellant, and for their services and as compensation Thomas had assigned to them an undivided one-half interest in his cause of action; they set up substantially the same facts as those alleged by Thomas as to the cause of action alleged; that, since the institution of the suit, appellee, Thomas, and appellant had effected a settlement of the suit, but, at the time that the same was made, that appellant had notice of their assignment, and asked to prosecute the cause of action as to their onehalf interest in the same, and alleged damages in the sum of $10,000. Appellant, as to the claims made in appellee, Thomas' petition, after a general denial, alleged a settlement made on the 19th day of February, 1912, and alleged that it had paid off and satisfied any and all claims that appellee, Thomas, had against it, and asked to be discharged. In answer to the petition of interveners, appellant, after a general denial, pleaded contributory negligence on the part of appellee, Thomas, and further alleged that it never was indebted to appellee, Thomas, in any sum, but in order to avoid a vexatious and expensive law suit, after the institution of his suit, at the request of appellee, Thomas, on the 19th day of November, 1912, did compromise and settle said cause of action in full with said Thomas for the sum of $100 then and there paid, and asked to be discharged, with its costs. The cause was tried May 2, 1913, and resulted in a judgment and verdict in favor of interveners and against appellant for $541.66%. Appellant's motion for new trial was overruled, and it assigned error and sued out writ of error and brings the cause to this court for review."
The first assignment of error complains of the court's refusal to give the following special charge requested by appellant:
"The evidence in this case discloses that, prior to the institution of this suit, plaintiff employed interveners to institute and prosecute this suit against defendant, and agreed to give them one-half of the amount recovered in said suit, and that, subsequent to the institution of this suit, plaintiff settled this suit with defendant for the sum of $100; you are therefore instructed that in no event are interveners entitled to recover more than one-half of the amount of said settlement, and if, under the instructions herein, you find for interveners, you will return a verdict in their favor for $50."
Two propositions are propounded under this assignment:
"(1) That, under the contract between Thomas and interveners, the latter were only entitled to one-half of the amount collected by Thomas in the settlement made with appellant; (2) in an assignment of a cause of action, or a part thereof, founded on a personal injury by a client to his attorneys for future services in the maintenance of litigation, the client is without power, on grounds of public policy, to deprive himself of the right to compromise and settle same, and, when such compromise and settlement is made by the client, his attorneys are bound thereby."
Under the allegations and proof, we think there was no error in refusing the special charge. Thomas having assigned one-half interest in his cause of action to interveners, and appellant having actual notice of such assignment, the settlement made by him with appellant, interveners not being parties to such settlement, affected only his one-half interest in the original cause of action, and interveners could prosecute the original suit to a conclusion for the one-half interest assigned to them. Thomas, under the circumstances, could only settle his one-half interest in said cause of action, and interveners' right of recovery was not limited to, and they were not compelled to accept, one-half of the amount for which Thomas settled. Whether Thomas had assigned to interveners one-half interest in his cause of action *Page 786 
against appellant was an issue raised by the pleadings and evidence and fairly submitted for the determination of the jury, who decided such issue favorable to interveners. The assignment by Thomas of one-half interest in his cause of action to interveners, and by which he deprived himself of the right to compromise and settle so much thereof as was embraced in such assignment, is not, under the law of this state, void on the ground of public policy. Where such an assignment has been made the assignor and assignee, each have a right to compromise and settle his interest in the cause of action, and, if the assignor subsequently attempts to settle the entire cause of action without the knowledge or consent of the assignee, the assignee is not bound by such settlement, if the party against whom the cause of action exists had notice of the assignment. The following authorities, among others, sustain the views we have expressed: Railway Co. v. Vaughan, 16 Tex. Civ. App. 403,40 S.W. 1065; Railway Co. v. Miller, 21 Tex. Civ. App. 609, 53 S.W. 709; Railway Co. v. Andrews, 28 Tex. Civ. App. 477, 67 S.W. 923; Railway Co. v. Carlock Gillespie, 33 Tex. Civ. App. 202, 75 S.W. 931; Powell v. Railway Co., 78 S.W. 975. The instant case is unlike the case of Railway Co. v. Ginther, 96 Tex. 299, 72 S.W. 166, 167, cited by appellant, and is not ruled thereby. In Ginther's Case the instrument executed by him, after reciting that he had employed Patterson 
Buckler to bring suit upon his cause of action against the railway company, declared that he assigned to them one-third of whatever "may be recovered in said suit or by way of compromise," and the Supreme Court, in construing this contract, said:
"The instrument plainly expressed the intention to assign an interest in a cause of action of which a judgment or compromise was to be the measure, and the expression of this intention, in any language, was all that was required to make an assignment, as contradistinguished from a mere agreement to pay so much as a contingent fee."
In the case at bar Thomas not only agreed to pay interveners one-half of the amount recovered or collected on his claim, but assigned to them one-half interest in his cause of action against appellant. In such case we think the law is as above stated, and that the assignment is not invalid on the ground that it is against public policy.
The third assignment, complaining of the fifth paragraph of the court's charge, raises the same question of law just discussed, and what we have already said disposes of it against appellant.
The court instructed the jury in substance that if they should find in favor of interveners, and should further find that the mare, being driven by Thomas when the accident complained of occurred, had been rendered dangerous and damaged in value by reason of being caused to run away on the occasion in question, and his wagon broken and damaged, then, in addition to the amount allowed interveners on account of personal injuries sustained by him, to find for interveners such sum as they believed to be one-half of the difference between the fair cash market value of said mare and wagon immediately prior to said injury and immediately there-after. In this connection appellant requested the court to charge the jury that, if they should find in favor of interveners, then in no event could they find anything in their favor on account of damages or injury to the wagon, harness, and team of Thomas or the loss of the use of the same. The special charge was refused, and the court's charge referred to and the refusal of said special charge forms, respectively, the basis of appellant's fourth and fifth assignments of error. The proposition advanced under these assignments of error, which are presented together, is that:
"The contract between interveners and Thomas did not convey any interest in the damage to property, but affected only personal injuries; and the court was not authorized to submit in the charge items of damage in which interveners had no interest."
We do not believe a fair construction of the assignment made by Thomas to interveners will restrict it to his claim for injuries to his person, but will include the injury done his property by reason of the negligence of appellant's servants. As argued by counsel for interveners, the term "injuries" is frequently used, both to describe damage to property and damage to the person, and evidently the intention of the parties to the contract of assignment in question was to give to that word the broader and more comprehensive meaning.
Nor do we think the court erred in refusing to instruct the jury that the fact that the defendant, railway company, compromised and settled with the plaintiff, Thomas, could not be considered by them in determining the question of defendant's liability to interveners. It seems that the authorities are against appellant's contention that such a charge should have been given, under the circumstances shown. As pointed out by counsel for interveners, in Railway Co. v. Hertzig,3 Tex. Civ. App. 296, 22 S.W. 1013, it is said:
"Was the fact that defendant paid others for damages, which resulted just as plaintiff's did and from the same cause, admissible, as involving the admission that the cause of the fire was its own negligence? We think that it was. The payment of the claims of the others did not necessarily admit a liability, either to them or to the plaintiff; but, unexplained, it tends in that direction. It was susceptible of explanation, and its weight depended upon such facts as might be adduced to qualify it, and was therefore proper to go before the jury for their consideration."
And in Railway Co. v. Kellerman, 39 Tex. Civ. App. 274, 87 S.W. 401, decided by this court, and in which a writ of error was denied by the Supreme Court, the following language is used in discussing an assignment of *Page 787 
error complaining of the refusal to give a similar charge, under similar circumstances, to the one under consideration:
"The defendant introduced James Fleming as a witness in its behalf. Upon cross-examination he stated, `I was injured on that occasion, and the company has settled with me.' No objection was made to the introduction of this evidence, and no motion was made to strike out or limit the same, but defendant requested a special charge reading, `Gentlemen of the jury, you cannot consider evidence of the fact that Fleming has been settled with by the defendant except as touching the credibility of said Fleming as a witness.' This charge was refused. It is admitted that this evidence was competent as affecting the weight to be given the testimony of the witness. There is authority to the effect that it is admissible as tending, unexplained, to show an admission of negligence on the part of the company" — citing Hertzig Case, supra, and other cases.
The evidence of compromise and settlement with Thomas, however, was introduced by appellant without any limitation upon it, and it was not, as shown by the record, until the main charge was read to the jury that appellant sought, by the refused special charge, to have its consideration by the jury limited, and then only in one particular, namely, that it should not be considered as a circumstance against appellant in determining whether or not appellant was guilty of negligence, resulting in the injuries sustained by Thomas. This, we think, was not sufficient. It occurs to us that it devolved upon appellant, in requesting a limitation of the consideration of the testimony by the jury, if the testimony was not in fact admissible without qualification or limitation, to present a correct and full charge for that purpose. Such was not, we think, the special charge in question. To have been a correct charge limiting the consideration of the testimony, it should not only have told the jury, as contended by interveners, that the fact that defendant compromised and settled with the plaintiff, Thomas, could not be considered in determining the question of defendant's liability to interveners, but should also have told the jury that the amount of the settlement should not be considered in determining the measure of damages in the case. The special charge requested failing to do so, it was in such a case affirmatively erroneous and properly refused.
The witness Thomas, upon the trial was asked, "What took place between you and Morrison [appellant's agent] on the occasion of making this settlement?" To any answer to this question the defendant, railway company, objected "on the ground that what interest interveners had was evidenced by the contract entered into between plaintiff and interveners, and any statement that agent Morrison might make would be irrelevant and immaterial and hearsay and violative of the terms of the written instrument." The objection was by the court overruled, and the witness permitted to answer as follows:
"A. I told him I wouldn't settle with him at all unless he would pay all the expenses. I told him that Judge Hassell and Hamp Abney had a half interest in my case against the railroad company, and, if he would make satisfactory settlement with those lawyers, that I would settle with him if he would come to the right terms. He said he would do that. To the best of my recollection he said he had consulted with one of those parties, or both of them. He says, `We can settle satisfactorily; we can settle it satisfactorily with the lawyers, Abney Hassell.' I said to him, `I don't want to pay any costs;' he said `You won't have to pay a nickel of costs;' He said, `I will pay everything; I will stand between you and every one else and pay you a certain amount.'"
The admission of this testimony is made the basis of appellant's seventh and last assignment of error, and the proposition urged is that parol evidence is inadmissible to vary the terms of an unambiguous written instrument. The proposition states a correct general rule of law, but we think the court was correct in refusing to apply and enforce it here. The written contract referred to in the assignment of error, according to the pleadings and evidence of interveners, did not express all the terms of the agreement entered into between the plaintiff, Thomas, and interveners. As before stated, the plaintiff, Thomas, not only agreed to pay interveners one-half of the amount recovered or collected on his claim, which was expressed in the written contract, but assigned to them a onehalf interest in his cause of action against appellant, which was not expressed in the contract, and in no particular do we find the testimony here complained of inconsistent with or variant from that contract, but in accord therewith. But, if we should be mistaken in this, still the objection to the testimony should not, in our opinion, have been sustained. The objection to the testimony was in effect that it was inadmissible for any purpose, and this we think was an incorrect view. It devolved upon the interveners to show that appellant knew of the assignment by Thomas to them, and the testimony objected to was competent as tending to show such knowledge, even though it may not have been for other purposes. This being true, the objection that it was inadmissible for any purpose was properly overruled.
Believing that no reversible error is disclosed by appellant's assignments of error, the judgment of the court below is affirmed. *Page 788