### McGowan *v.* La Plata Mining & Smelting Co.

(*Circuit Court, D. Colorado.* January 11, 1882.)

1. **MASTER AND SERVANT.**
   A master is bound to inform his servant of facts within his knowledge affecting the safety of the servant in the service to be performed, when the latter is ignorant of them.

2. **PRESUMPTIONS.**
   The law will not presume that men of ordinary intelligence know the explosive power of hot slag when thrown into water.

On Motion for a New Trial.

*J. D. Murphy* and *T. A. Green*, for plaintiff.

*J. F. Frueauff*, for defendant.

HALLETT, D. J. That a master is bound to inform his servant of facts within his knowledge affecting the safety of the servant in the service to be performed, when the latter is ignorant of such facts, seems to be conceded.

A lot-owner employed a carpenter to build for him, but did not inform the carpenter that his title to the lot was contested. The carpenter, pursuing his labor on the lot without suspicion of danger, was attacked by the parties claiming adversely to the employer, and severely injured. On this the employer was held liable in damages for his omission to notify his servant of the danger impending. *Baxter v. Roberts*, 44 Cal. 187.

A miner employed to sink a shaft was not informed of a crack or opening in the side of the shaft, of which his employer had knowledge. The shaft caved in and injured the miner, and his employer was held liable for his negligence in not giving notice of the crack in the shaft. *Strahlendorf v. Rosenthal*, 30 Wis. 675.

But it is contended that the rule cannot be applicable to the case at bar, as it relates only to *facts* withheld from the servant, and not to instruction in the principles of natural philosophy. The water in front of the furnace, and the act of overturning the hot slag, may

have come of the negligence of the plaintiff.   Indeed, the evidence
points to that conclusion, and the explosion which followed was the
natural result, of which plaintiff should have been informed; or, at
all events, defendant was under no duty to inform him.    This is the
argument against the verdict.   And certainly, within limits, the law
will assume that every one has knowledge of destructive forces in the
world and the powers of the earth and air.   Of such is the knowl-
edge that comes to every man of sound mind, in the ordinary course
of his life, that fire will burn; that water will drown; that one may
fall off a precipice; and the like.    Recently in this court it was said
of one who mounted a push car on a railroad, and went down a steep
grade, to his hurt, that, knowing the grade, it was his own folly not
to heed the law of gravitation; because it is known to all men of
sound mind and of all degrees of intelligence that wheeled vehicles
go down hill with increasing speed if left to themselves.    And in this
case the jury was told that the plaintiff could not have recovered for
a burn caused by spilling the slag on himself.    But the explosive
power, of hot slag when cast into water is not within the intelligence
of ordinary men.    It is doubtful whether many people of education
know the force and violence of such an explosion; and, if fully in-
formed, how many of them, when put to service at a smelting fur-
nace, would recall their learning without a suggestion from some
source.

What the law will presume as to the knowledge of men in matters
of this kind, may, in some instances, be a question of difficulty, and
certainly it would not be easy to lay down a general rule on the sub-
ject.   In the face of the plaintiff's testimony, however, to the effect
that he had no knowledge or information of the danger to which he
was exposed, it would be manifestly unjust in this instance to hold,
as matter of law, that he had notice of it.

After all, it is not so much a question whether the party injured
has knowledge of all the facts in his situation, but whether he is
aware of the danger that threatens him.   What avails it to him that
all the facts are known if he cannot make the deduction that peril
arises from the relation of the facts?   The peril may be a fact in
itself of which he should be informed.   So, in *Coombs* v. *New Bedford
Cordage Co.* 102 Mass. 573, the machinery which caused the injury
was open to view, and probably it was seen by the party injured.
But the danger of the position was not explained, as was necessary
for the protection of one who had no knowledge of it.   In another
case in the same court the rule was applied to an adult person who

had full knowledge of all the facts out of which danger arose, but the danger itself was not pointed out to him. *O'Connor* v. *Adams*, 120 Mass. 427. The correct rule as to defendant's liability was announced at the trial, and as to the damages the amount is not so large as to challenge the attention of the court. To one in plaintiff's situation the sum is considerable, without doubt, but the injury was great and the suffering intense. It is impossible to say the jury acted from prejudice or passion, or that they passed the limits of fair discretion on the evidence.

The motion for a new trial will be denied.