## SWIFT & COMPANY v. HENRY T. CREASEY.

### No. 665.* (61 Pac. 314.)

1. PERSONAL INJURY—*Pleading.* Petition in an action for personal
injury examined, and held to state a cause of action.

2. ———— *Evidence.* Evidence examined, and held to show a
*prima facie* cause for a recovery for personal injury.

3. ———— *Admission of Incompetent Testimony—Immaterial
Error.* Error in the admission of incompetent testimony will not
be regarded as reversible error where it is not reasonable that such
testimony could prejudicially affect the party complaining.

Error from Wyandotte court of common pleas ; W.
G. HOLT, judge. Opinion filed June 6, 1900. Affirmed.

*Amos H. Kagy,* and *Hutchings & Keplinger,* for plain-
tiff in error.

*Getty & Hutchings,* and *Meservey, Pierce & German,*
for defendant in error.

The opinion of the court was delivered by

MCELROY, J. : This action was brought by Creasey,
defendant in error, to recover damages for personal
injuries sustained by him while in the employ of

---

*Petition for order to certify denied by supreme court June 7,
1900.—REP.

plaintiff in error, Swift & Company.   The plaintiff in his petition alleged, in substance, that the defendant is a corporation engaged in the business of operating a packing-house in Wyandotte county.   In operating the packing-house, defendant used great power, an engine-room, several steam-engines, boilers, furnaces and other machinery necessary to operate the same. Plaintiff was in the employ of the defendant as an ash wheeler, his duties consisting in hauling out ashes from the engine-room and in cleaning the flues in the boilers.   At about ten o'clock on the night of August 6, 1896, while plaintiff was engaged in his usual employment, a fire broke out in room 15 in the smoke-house, in another part of defendant's plant, located about 250 feet from the engine-room, the smoke-house being a large four-story brick building used by defendant for smoking meat.   At the time there was hanging above room 15 about 50,000 pounds of meat, which was undergoing the process of smoking.   One John Joss was in charge of the work of keeping up the fires at said time, on said day, and had two men to assist him, whose duty it was, under said Joss's supervision, to put wood on the fires and keep up the smoke.   Joss had charge of said work at night, and one Hugh Jackson had charge thereof in daytime, and was Joss's superior.   On that evening Jackson had retired and Joss had charge.   He was instructed by Jackson to rush the fires in room 15, and in accordance with instructions Joss caused a very large and hot fire to be kept up, much larger than usual or safe.   Immediately upon the alarm of said fire being given, plaintiff was directed by defendant's night foreman of the engine-room, one Malcolm Stewart, under whom plaintiff was employed, to proceed to the smoke-house and assist in putting

Swift v. Creasey.

out the fire.   Upon receiving said instructions, plaintiff, the foreman Stewart and one Felch procured fire-hose, attached the same to a water-plug, and laid a line thereof to the smoke-house, and thereupon, notwithstanding the defendant well knew that the heat of the fire was liable to and would cause an explosion, and that the unusual heat in room 15 would cause the grease to run down and become ignited and intensely hot, and that the sudden throwing of cold water thereon was exceedingly dangerous to any one standing near by on account of the explosive effect, plaintiff was carelessly and negligently ordered and directed by said Stewart to take the end of the hose and go into the building for the purpose of putting out the fire.   In obedience to said instructions and without any knowledge of the danger thereby incurred, plaintiff, accompanied by Stewart and Felch, entered the smoke-house through the alley on the north side.

It was further alleged that after plaintiff and his companions had gone sixty feet into said building and were near room 15, Stewart returned to see why the water was not turned on, and carelessly and negligently directed plaintiff to remain and fight the fire, and shortly thereafter, water having been turned into the hose, plaintiff entered through the doorway from said alley into room 15, where the fire was burning, and turned a stream of water from the hose which he held onto the burning wood and grease, when there was a quick and loud explosion, and great sheets of flame and clouds of smoke were forced down, around and against plaintiff, and he was hurled a long distance from where he was standing and knocked insensible, and there remained, inhaling the overheated air and smoke and surrounded by the burning debris for

20—9 KAN. APP.

several minutes, and until dragged out by his associates; and that by reason of said explosion and the forcing down, around, about and against plaintiff of the fire and smoke as heretofore alleged, plaintiff's neck, face, arms and chest were burned and blistered, and plaintiff was compelled to and did breathe large quantities of overheated air and smoke, and thereby was made sick and sore, and suffered and still suffers great pain and agony; that his head and lungs were and are still affected; that he is slowly becoming deaf, and will be compelled during the remainder of his life to suffer great pain and inconvenience.

For answer to this petition, the defendant, after setting up a general denial, alleged that the injury to plaintiff, if any, was the result of his own carelessness and negligence directly contributing thereto, which carelessness and negligence are more particularly and specifically stated as follows : (1) That plaintiff voluntarily left his place of safety and went into the place which he alleges was dangerous, and thereby exposed himself, and whatever damage he may have sustained, if any, was the result of such voluntary act on his part; (2) that plaintiff voluntarily assumed the danger, if any, which arose in going from a place of safety to assist in extinguishing the fire in defendant's smoke-house ; (3) that whatever danger, if any, plaintiff was subjected to, was obvious and well known to him, and he voluntarily assumed the same ; and (4) that plaintiff was injured, if injured at all, by the carelessness and negligence, if any, of a fellow servant. The plaintiff's reply was a general denial.

A trial was had before the court and a jury, which resulted in a verdict and judgment for plaintiff in the sum of $1000 and costs. Defendant's motion for a new trial was overruled. The defendant, as plaintiff

in error, presents the case to this court for review and alleges error in the proceedings of the trial court :

*First.* That the court erred in overruling the demurrer to the evidence.   The contention here is that the demurrer should have been sustained for the reasons that the petition does not state facts sufficient to constitute a cause of action ; that the servant assumes whatever risk there may be in the performance of his duty, if he has knowledge of the danger incurred, or if the circumstances surrounding the service are such as to raise the presumption of knowledge ; that the injury, if. any, sustained was the result of the negligence of his fellow servant, Joss or Stewart ; that the evidence fails to show a *prima facie* case upon which plaintiff could recover ; and that the judgment is wholly unsupported by the evidence.

The contention is that the petition does not charge a want of knowledge of the danger on the part of Creasey.   He alleges

" that he was carelessly and negligently directed by Stewart to take the end of the hose and go into the building for the purpose of putting out the fire ; that in obedience to instructions, without knowledge of the danger thereby incurred, he entered the smoke-house."

The defendant in the trial court interposed no objection to the petition, but filed its answer.   The allegations of the petition in this regard are sufficient.

The servant assumes whatever ordinary risk there may be in the performance of his duty, if he has knowledge of the danger, or if the circumstances surrounding the service are such as to raise the presumption of knowledge.   If a person accepts a given service, he assumes the ordinary risk of such dangers as he is acquainted with or as are obvious to him.   In the case at bar, Creasey had never been in the smoke-

house before the night he received the injury. It was dark, and he could not tell anything about the surroundings or construction of the building at the time he went into it. He was a common laborer. It was not shown nor is it reasonable to presume that he had any information or special knowledge on the subject of extinguishing fires. He knew nothing of the construction of the building, magnitude of the fire, or the extent of the result which would follow the turning on of water. The packing company knew, or is supposed to have known, all of these things.

Stewart was the foreman whose instructions Creasey was bound to obey, and Joss was foreman in another department. We do not think that either of these parties was the fellow servant of Creasey, in the ordinary acceptation of the term. It is the duty of the master not to expose an inexperienced servant, at whose hands he requires a dangerous service, to such danger without giving him warning. The master must give him such instructions as will enable him to avoid injury, unless both the injury and the means of avoiding it are apparent. The master cannot exempt himself in this regard by delegating his power to another, and then call such party a fellow servant. We think both Joss and Stewart were vice-principals.

The testimony shows a *prima facie* cause of action, and the judgment is supported by sufficient evidence. The demurrer to the evidence was properly overruled.

*Second.* That the court erred in the admission of testimony. Complaint is made that the plaintiff was permitted to show that water when heated expands 1728 times its original volume. Is the effect resulting from water and fire being brought together a matter of common knowledge, or is it a matter of

scientific knowledge?  If the former, it was error to admit the testimony; if the latter, the testimony was properly admitted.  We take it that it is a matter of common knowledge that an expansion occurs by heating water, but the extent of the expansion is a matter of scientific knowledge.  In either event the testimony · could not prejudicially have affected the substantial rights of the plaintiff in error.

*Third.*  That the court erred in giving and in refusing instructions.  The court properly instructed the jury as to the law applicable to the cause on trial; hence it follows that the instructions submitted by plaintiff in error were properly refused.

The judgment must be affirmed.