JOPHES H. MALONE, APPELLANT, V. AMERICAN SMELTING & REFINING COMPANY, APPELLEE.

FILED DECEMBER 21, 1906. No. 14,586.

Master and Servant: ACTION FOR DAMAGES: DIRECTING VERDICT. It is error to hold, as a matter of law, that an employee 24 years old, of average intelligence and fair education, is chargeable with knowledge that to throw a bucket of water into the fire box of a smelting furnace, containing a bed of highly heated coals, about 9 feet long, 3 or 4 feet wide and 3 feet deep, is liable to result in a dangerous explosion, where the evidence warrants the inference that he did the act in obedience to an order from the foreman under whom he worked.

APPEAL from the district court for Douglas county: HOWARD KENNEDY, JR., JUDGE. *Reversed.*

*Weaver & Giller,* for appellant.

*John C. Cowin, contra.*

ALBERT, C.

Jophes H. Malone brought an action against the American Smelting and Refining Company to recover damages for personal injuries sustained by him while in the employ of the defendant. It is alleged in the petition that, while he was in the employ of the defendant, the defendant's foreman, under whom he worked, ordered and directed the plaintiff to draw the fire from the furnaces; that in the

performance of that work a rubber hose was ordinarily used to throw water on the fire, but on this occasion when the plaintiff proceeded to obey the said order of the foreman the hose could not be found; that the plaintiff thereupon reported to the foreman that he was unable to find the hose, whereupon the foreman ordered and directed the plaintiff to take a bucket and use it instead of the hose for throwing water on the fire; that the plaintiff was not familiar with the work of drawing the fires, which was usually performed by the foreman himself, and that the same was outside the scope of the usual duties devolving upon the plaintiff; that in obedience to the order and direction of the foreman plaintiff took the bucket and threw water therefrom on the fires, and that, in consequence, a large amount of steam was generated, which caused an explosion whereby the plaintiff sustained serious physicial injuries; that said plaintiff's said injuries are the proximate result of the defendant's negligence in directing the plaintiff to undertake said work, its omission to provide proper appliances for the performance thereof and to warn or instruct the plaintiff with respect to the danger incident thereto. The answer admits that, while the plaintiff was in defendant's employ, he was injured by an explosion caused by his throwing water on the fires with a bucket, but denies that he was ordered to use the bucket for that purpose. It alleges, in substance, that the work of drawing the fires was in the line of plaintiff's duty; that he was familiar with said work; that he voluntarily assumed the risks incident thereto, and that his injuries, to the extent that he sustained any, were wholly due to his own negligence. The reply consists of a general denial. At the conclusion of the evidence adduced by the plaintiff, the defendant interposed a motion for the direction of a verdict in its favor, which the court sustained, and judgment went accordingly. The plaintiff appeals, insisting that the evidence was sufficient to warrant a submission of the cause to the jury.

That the plaintiff was injured while in the employ of

the defendant is admitted by the pleadings; the nature and extent of such injuries, and the other elements constituting a basis for the computation of damages, if any are recoverable, are conclusively established by the evidence. Hence, if the judgment of the trial court be sustained, it must be because the evidence fails to establish the charge of negligence against the defendant, or, if such charge be established, because the evidence conclusively shows that the defendant assumed the risk, or that his own negligence contributed to the injury to such an extent as to preclude a recovery. This brings us at once to a consideration of the evidence, which shows substantially the following state of facts: On the 28th day of October, 1903, the plaintiff, then a man of 24 years of age, was and for about three months prior thereto had been employed in the refining department of the defendant's smelting works. His principal duties consisted in assisting to remove the scum from the kettles, to mix the various metals therein, and to carry away the refuse. In the performance of his duties he was at all times subject to the orders and under the direction and control of another employee of the defendant, who is designated as the kettle boss, who had charge of this particular department of the work. On that date the kettle boss ordered the plaintiff to go to the floor below and draw the fires from the furnaces. This work was usually performed by the kettle boss himself, and was outside the scope of the plaintiff's employment. The plaintiff was entirely without experience in drawing the fires from the furnaces, save that on a former occasion he had assisted the kettle boss in that work, on which occasion the fires in the furnaces, as well as the hot coals after they were drawn therefrom, were sprinkled with water by means of a rubber hose. When he was directed on the date mentioned to draw the fires from the furnaces, he proceeded at once to the lower floor for that purpose, but was unable to find the hose with which to deaden the fires. He came back, and reported that fact to the kettle boss, who directed him to an ordinary water bucket, hold-

ing about four gallons, and directed him to use that instead of the hose, but gave him no instructions as to how it should be used nor any warning of danger. The plaintiff took the bucket, filled it with water, and threw the water on the hot coals in the furnace. This caused an explosion, which threw the steam and red-hot coals out of the furnace and upon the plaintiff, resulting in the injuries complained of. The fire box was about 9 feet long, between 3 or 4 feet wide and about 3 feet deep, and was full of highly heated coals.

The testimony of the plaintiff is to the effect that he threw the water on the coals to cool them so he could remove them from the furnace; that, while he knew something of the explosive power of steam, yet he did not know, and would not have known had he stopped to consider, that the throwing of a bucket full of water upon the coals in the furnace was attended with any danger. The evidence also shows that the plaintiff is a man of ordinary intelligence and of fair education. The only evidence throwing any light on why water was used in drawing the fires is that of the plaintiff, who, as we have seen, testified that he threw the water on the coals to deaden them to enable him to remove them, and that, on the occasion when he assisted the foreman to draw the fires, he turned the hose both on the coals in the furnace and those that had been drawn out. On the latter occasion, however, he was not called to assist until part of the coals had been withdrawn, but he did not know what had taken place before he got there. A reasonable inference from his evidence on this point, taken in connection with the order of the foreman to use the bucket instead of the hose, is that the usual way of proceeding to draw the fires was to throw water from the hose on the coals both before and after they had been drawn from the furnace, and that, when the hose could not be found, the foreman directed him to use the bucket for that purpose. That it was dangerous to use the bucket for that purpose is shown by the result. The danger was heightened by the

fact that, in order to use it, the plaintiff was compelled to stand within three or four feet of the furnace door. The plaintiff, therefore, was injured while carrying out the orders of the defendant's foreman, and in consequence of the unsuitability of the instrumentality furnished for that purpose, and is entitled to recover, unless the only reasonable inference from the evidence is that he knew of the danger, or was chargeable with knowledge thereof, and assumed the risk, or was guilty of contributory negligence.

The defendant takes the position, that the act which resulted in the injury was so obviously dangerous that a person of plaintiff's age, experience and education must be presumed to have known that it was dangerous. The plaintiff was practically without experience in that kind of work. While something of the expansive power and other properties of steam is quite generally known, the particular circumstances in which the sudden conversion of water into steam is attended with danger is by no means a matter of common knowledge. In *Swift & Co. v. Creasy,* 9 Kan. App. 303, it was held that a man employed as an ash wheeler in an engine house is not chargeable with knowledge that the consequence of suddenly turning a stream of water on a burning building, in which there is a large amount of grease, will probably be a dangerous explosion. In *La Fortune v. Jolly,* 167 Mass. 170, it was held that it could not be said, as a matter of law, that an inexperienced servant was chargeable with knowledge that an explosion of gas formed by combustion was among the probable consequences of thrusting too many shavings into a furnace, thereby stopping the draft and preventing the escape of the gas. In *McGowan v. La Plata Mining & Smelting Co.,* 9 Fed. 861, it was held that the explosive power of hot slag, when thrown into water, is not presumed to be known by an ordinary workman without special training or experience. See, also, *Ribich v. Lake Superior Smelting Co.,* 123 Mich. 401. In *Smith v. Peninsular Car Works,* 60 Mich.

501, it was held that there was no presumption that an employee in an iron foundry had knowledge of the effect of molten iron being thrown upon ice.

In the case at bar, the plaintiff testifies that he did not know that the act which resulted in his injury was attended with any danger. It is not an unreasonable inference from the evidence that the plaintiff, in throwing the water on the fire, was acting in obedience to an order of defendant's foreman under whom he worked. He had a right to rely, to some extent, on the superior skill and knowledge of the foreman in whose charge defendant had placed him. 1 Labatt, Master and Servant, sec. 440. We do not wish to be understood to hold that his testimony in that respect is conclusive, or that the evidence adduced, taken as a whole, entitled him to a verdict. But we do hold that the evidence does not warrant the court in holding, as a matter of law, either that the defendant was free from negligence, or that the plaintiff assumed the risk or was injured as a proximate result of his own negligence. It discloses a state of facts from which reasonable minds might reach wholly different conclusions with respect to the ultimate facts essential to a recovery, and therefore should have been submitted to the jury under proper instructions from the court.

It is recommended that the judgment of the district court be reversed and the cause remanded for further proceedings according to law.

JACKSON, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.