MELVIN GIBSON, by His Next Friend, T. C. BLACK, v. LEAKSVILLE COTTON MILLS.

(Filed 22 January, 1930.)

**Master and Servant C d—In this case held: question of whether master's failure to warn servant was negligence was for jury.**

Evidence that the defendant's fourteen-year-old uninstructed employee was injured while at work on a folding machine by the knife thereof as it passed across the machine cutting off his finger, that the fact as to how the machine operated was apparent and known to him, but that he was not instructed or warned of the danger incident thereto raises an issue as to the defendant's actionable negligence to be determined by the jury, and defendant's motion as of nonsuit thereon should have been denied. C. S., 567.

APPEAL from *Moore, J.,* at June Term, 1929, of ROCKINGHAM. Reversed.

This is an action for actionable negligence, brought by Melvin Gibson, by his next friend, T. C. Black, against Leaksville Cotton Mills, for injuries sustained.

The plaintiff, Melvin Gibson, by his next friend, T. C. Black, contends that he had been working for defendant about three months in its cotton mill at Spray, N. C., when he was injured, and had not had any experience in working around mills and machinery when he started work. On 15 November, 1927, while helping to operate a folding machine, while in the scope of his employment, his left forefinger was cut off and he was otherwise injured. That he at the time was fourteen years old and was inexperienced and was not warned of the danger incident to the work. That there was a folding blade, or knife, which plays back and forth for the purpose of folding the cloth; that in straightening the cloth the blade cut off his finger. The defendant denied any negligence, and set up the plea of contributory negligence. The material facts will be set forth in the opinion.

*Glidewell, Dunn and Gwyn, by Allen H. Gwyn for plaintiff.*
*King, Sapp & King for defendant.*

GIBSON *v.* COTTON MILLS.

PER CURIAM. The defendant introduced no evidence, and at the close of plaintiff's evidence made a motion for judgment as in case of nonsuit. C. S., 567. The motion was granted and plaintiff excepted, assigned error and appealed to this Court. We think the court below should not have allowed the motion.

Gibson was a youth, fourteen years old. One Murray was his boss, or superintendent, and the evidence on the part of plaintiff is to the effect that he did not instruct him as to the danger. Gibson testified, in part, as follows: "Mr. Murray told me to do what I was doing at the time I got hurt. I was up on the table straightening out the cloth and the blade cut my finger. The blade that folds the cloth struck my finger. I could see it. I knew it was there. I knew it was in motion. *I did not know any danger in the machine.* The blade is that part of the machine that folds the cloth. The blade travels backward and forward. It follows the cloth. It was as long as across the table (pointing to table). It was in plain view moving backward and forward at the time I put my hands on the cloth to straighten it out."

In *Roth v. Northern Pacific Lumbering Co.,* 22 Pac. Rep., 845 (18 Ore., 205), it was said: "But it is to be borne in mind that there is a difference between a knowledge of the facts and a knowledge of the risks which they involve. One may know the facts, and yet not understand the risk; or, as *Mr. Justice Byles* observed, 'A servant knowing the facts may be utterly ignorant of the risks.' *Clarke v. Holmes,* 7 Hurl. & N., 937. For, after all, *Mr. Justice Hallett* said, 'It is not so much a question whether the party injured has knowledge of all the facts in his situation, but whether he is aware of the danger that threatens him. What avails it to him that all the facts are known, if he cannot make the deductions that peril arises from the relation of the facts? The peril may be a fact in itself of which he should be informed.' *McGowan v. Mining Co.,* 3 McCrary, 393, 9 Fed. Rep., 861. So that in a case like the present, where the evidence is conflicting as to whether or not the defendant had knowledge of the risks to which he was exposed, the question is preëminently for the jury." *Boswell v. Hosiery Mills,* 191 N. C., at p. 557.

The law as stated in *Sutton v. Melton,* 183 N. C., at p. 372 (citing numerous authorities), is as follows: "It is the duty of the master who employs a servant in a place of danger to give him such warning and instruction as is reasonably required by his youth, inexperience, and want of capacity, and as will enable him, with the exercise of ordinary care, to perform the duties of his employment with reasonable safety to himself."

For the reasons given, the judgment is
Reversed.