IRBY et al. v. ANDREWS et al. (No. 8174.)

(Court of Civil Appeals of Texas. Dallas. March 29, 1919. Rehearing Denied May 3, 1919.)

1. COMPROMISE AND SETTLEMENT ⟨key⟩4 — BY ASSIGNOR—EFFECT ON ASSIGNEE.

Where a litigant assigns to his counsel an interest in a claim or cause of action, each has the right to adjust or compromise his respective interest, and assignor's adjustment or compromise of entire claim or cause of action is not binding on assignee if the party against whom the claim or cause of action exists had actual or constructive notice of the assignment.

2. JUDGMENT ⟨key⟩894—COMPROMISE—ACTION TO CANCEL—ASSIGNMENT OF INTEREST—EVIDENCE.

Evidence held not to support finding that defendant attorney who filed a special plea by way of intervention had no interest in judgment sought to be canceled, so that judgment creditor could compromise the entire judgment without consent of attorney.

3. JUDGMENT ⟨key⟩894—RELEASE—FRAUD AND DURESS—EVIDENCE.

Evidence held to support court's finding that neither fraud nor duress was practiced upon judgment creditor to induce her to accept $30 in full satisfaction of a judgment for $175.

4. JUDGMENT ⟨key⟩887—RELEASE—CONSIDERATION—DISPUTED CLAIM—PART PAYMENT.

Claim that judgment was based upon false testimony, and that alleged judgment debtor did not owe alleged judgment creditor anything, was sufficient consideration to take the case out of the rule that part payment does not constitute sufficient consideration for promise to release entire claim.

Error from District Court, Kaufman County; Joel R. Bond, Judge.

Suit by Top Andrews and others against Emily Irby and others. From the judgment rendered, defendants bring error. Reversed and remanded.

Huffmaster & Huffmaster, of Kaufman, for plaintiffs in error.

Woods & Morrow, of Kaufman, for defendants in error.

RASBURY, J. Prior to the commencement of the case there was filed in the justice court of precinct No. 1 of Kaufman county a proceeding in rem styled Emily Irby v. Top Andrews, in which there was judgment for Emily Irby against Top Andrews for $175, with foreclosure of attachment lien on certain lands. Subsequently the lands were advertised for sale to satisfy the judgment. Pending sale this case was commenced by defendants in error, who are Top Andrews, his wife, and others, against plaintiffs in error, Emily Irby, Ross Huffmaster, and the constable. The relief sought is to cancel the judgment on the ground that it is void because obtained on false testimony, because defendant in error, Top Andrews, did not owe plaintiff in error, Emily Irby, the amount of the judgment, and because the suit was not authorized by Emily Irby, nor did she testify in the proceeding, and to enjoin the sale of the land on that ground and on the further ground that the land was the homestead of Top Andrews and his family and exempt from forced sale. Interlocutory injunction pendente lite was authorized, but the record does not disclose that it ever was issued. The pleading of plaintiffs in error consisted, in effect, of a general denial by Emily Irby, and a special plea by Ross Huffmaster by way of intervention, asserting that he owned an undivided one-half interest in the judgment and the lien acquired thereby. By way of replication to the answers so filed defendants in error asserted that the answer for Emily Irby was filed without her authority, for the reason that since instituting the suit against Emily Irby the judgment obtain-

ed in the justice court had been fully paid off and discharged, and she had recalled the execution issued therefrom. There was trial before the court, who found as matter of fact that Huffmaster was authorized by Emily Irby to institute the suit in the justice court, that the land attached in said suit and advertised for sale was not the homestead of defendants in error at the time of the levy, and that Emily Irby was a person of ordinary intelligence, and, fully understanding what she was doing, accepted from defendants in error $30 in full satisfaction of the justice court judgment. For which reason the court concluded as matter of law that such settlement should be sustained. Judgment was that the justice court judgment was satisfied in full, that no further execution should issue thereon, that the cloud on the title to the lands created by the levy of the attachment be removed, and that defendants in error be quieted in their title and possession, and that all costs be adjudged against Emily Irby and Ross Huffmaster. From that judgment plaintiffs in error have appealed.

[1] We will first consider the contention of plaintiff in error Huffmaster that the court erred in holding that the judgment was satisfied as to his interest by the payment to and acceptance by Emily Irby of the $30. When the litigant assigns to his counsel an interest in his claim or cause of action, each has the right to adjust or compromise his respective interest; but if the assignor, after assignment and without the consent of the assignee, purports to adjust or compromise the entire claim or cause of action, the assignee is not bound thereby if the party against whom the claim or cause of action exists had actual or constructive notice of the assignment. St. Louis, S. F. & T. Ry. Co. v. Thomas, 167 S. W. 784. An examination of the evidence discloses that Huffmaster testified that he was employed to institute the suit, and that the claim was placed with him under agreement that one-half of it should be his, and that such agreement was made before suit was instituted. Before defendants in error paid Emily Irby the $30 their counsel offered a similar amount to him, which he refused, advising counsel at the time that one-half of the judgment was his. Emily Irby testified that she never at any time employed or authorized Huffmaster to institute the suit, but that her daughter, the wife of defendant in error, Top Andrews, did; the purpose of the suit, as she puts it, being to require Top to support his wife, her daughter, whom Top had abandoned, and who, with her children, had been maintained by Emily for more than a year during serious illness. She said, while her daughter may have employed Huffmaster, she, Emily, made no contract with him. Her daughter did not testify whether she did or did not employ Huffmaster. An affidavit of Emily's was also admitted in evidence, wherein it was recited that she did not authorize Huffmaster to institute the suit, and did not know it was filed until long afterwards, and that she had settled with Top Andrews for all he owed her, and acknowledged the judgment fully paid and satisfied, and directed all proceedings discontinued. And she denied she ever transferred any part of the judgment to Huffmaster. As we have shown at another point the court found that Emily did employ Huffmaster to institute the suit. The court did not find whether Huffmaster owned an interest in the claim, or whether the claim was one Top Andrews did or did not owe, or whether the judgment was or was not obtained upon false testimony, but held as matter of law upon his finding of fact that Emily, fully understanding the situation, without fraud or duress being practiced, accepted the $30 in payment of the judgment, and was bound thereby, and that such payment constituted satisfaction of the judgment in full. Under the rule announced in Thomas' Case, supra, such settlement alone would not satisfy the interest of Huffmaster in the judgment if he had any. We think it obvious from the court's conclusion of facts and law that he never determined any of those issues. The judgment precludes any other conclusion, since it is based wholly, by its own declarations, on the compromise made by Emily and its consequent satisfaction, without reference to any interest Huffmaster may have had therein. A finding that Emily accepted $30 in satisfaction of the judgment raises no presumption that the court also found that Huffmaster had no interest in the judgment, since the court could, with entire consistency, have found that Emily had compromised the judgment, and that Huffmaster had an interest therein.

[2] Even if it is to be assumed, notwithstanding the declarations of the judgment, that the issue as to Huffmaster's interest in the judgment of the justice court was determined by the court, we are then of opinion that the evidence will not support such finding. We have recited it. Huffmaster unqualifiedly testified that he owned one-half of the claim before suit. Emily testified on trial that she made no contract of employment whatever with Huffmaster, and in an affidavit antedating trial and admitted in evidence she makes the statement that she did not transfer an interest in the judgment of Huffmaster. The statement that she did not transfer an interest in the claim, harmonized with the balance of her evidence, could mean no more than that she did not do so for the reason that she never employed him. Any other construction would place the witness in the attitude of saying she did not assign an interest in the claim for the reason that she never employed the assignor or authorized suit, but that if she did employ him and au-

thorize the suit, nevertheless she did not assign an interest in the claim. She does not deny, if she authorized her daughter to employ Huffmaster, that the former made such transfer. As recited, her daughter did not testify on that subject. The facts and the inferences to be drawn therefrom being as they are, it results, in our opinion, that the evidence of Huffmaster that he owned an interest in the claim or judgment was practically without controversy. At the same time we do not feel, as it is insisted we should do, that the case is one that should be rendered for plaintiffs in error, for the reason that, as already indicated, the court did not pass on that issue, but obviously bottomed his decree on the assumption that Emily Irby was authorized to compromise the entire claim without reference to any interest therein by Huffmaster, and for the further reason that the issue that the judgment was obtained upon false testimony, etc., could, aside from the issue of transfer vel non, determine the case. As we have said, that issue was left undetermined also.

[3] It is also contended that the court's finding that neither fraud nor duress was practiced upon Emily Irby to induce her to accept $30 in full satisfaction of the judgment is without support in the evidence. On the issue of compromise Emily Irby testified that, while counsel for defendant in error "worried" her considerably, and while her daughter wanted her to have pay for taking care of her, and while her son-in-law, defendant in error, Top Andrews, did not, she finally did agree to accept the $30 offered to her, and directed the return of the execution levied upon her son-in-law's land. Her testimony indicates very clearly that she exercised her own judgment in that matter. In addition, the testimony of counsel for defendant in error, who negotiated the matter, and that of others present when the matter was consummated, which we have not thought necessary to recite, make it certain that the court's finding is amply supported on that issue.

[4] Also in connection with the compromise recited it is claimed that since the sum paid was only part of that admittedly due, it does not constitute sufficient consideration for the promise to release the entire claim. It is true that a naked promise to discharge the whole of a liquidated sum upon the payment of a part only ordinarily discharges the debt to the amount only of the sum paid. The least consideration, however, is a limitation of the rule. Rotan Grocery Co. v. Noble, 36 Tex. Civ. App. 226, 81 S. W. 586. In the case at bar the claim was that defendant in error did not owe plaintiff in error Emily Irby any sum whatever, and that the judgment sought to be set aside and held void was based upon false testimony. Such, in our opinion, all other issues aside, was suffi-

cient consideration to take the case out of the rule relied upon.

For the reasons indicated in the first issue discussed in this opinion, the judgment is reversed, and cause remanded.